SHEARER ET AL., APPELLEES, *v.* MOTORISTS MUTUAL INSURANCE
CO., APPELLANT.

[Cite as Shearer v. Motorists Mut. Ins. Co. (1978),
53 Ohio St. 2d 1.]

2

(No. 77-3—Decided January 4, 1978.)

---

[1]The pertinent portion of R. C. 3937.18 is as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. The named insured shall have the right to reject such coverage, or may require the issuance of coverage for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in Section 4509.20 of the Revised Code for bodily injury or death. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

*Komito, Nurenberg, Plevin, Jacobson, Heller & Mc-Carthy Co., L. P. A., Mr. Thomas Mester* and *Mr. Harlan M. Gordon,* for appellee Shearer.

*Messrs. Guth & Sirvaitis* and *Mr. Milton J. Guth,* for appellee Horne.

*Dworken & Bernstein Co., L. P. A.,* and *Mr. Melvyn E. Resnick,* for appellee Bright.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. John M. Baker* and *Ms. Barbara J. Smith,* for appellant.

POTTER, J.  The appellant's sole proposition of law is as follows:

"Insurance contract provisions which reduce the

amount of recovery of damages under the uninsured motorist protection clause therein by the amount of expenses for medical services (paid or payable under the medical payments portion of said policy) are valid, enforceable contractual provisions which may be properly invoked by the insurer. The trial court erred by overruling defendant's motion for summary judgment and in granting plaintiffs' motion[s] for summary judgment."

The basic question presented by this appeal and as presented to the Court of Common Pleas and Court of Appeals is whether the uninsured motorist coverage afforded in the policy issued by the appellant to the respective appellees-policyholders met the requirements of R. C. 3937.-18 or whether the proposed setoff for medical services is in derogation of the public policy and purpose underlying R. C. 3937.18. Both coverages, uninsured motorist and medical payments, were optional and a separate premium was paid for each.

For the reasons hereinafter set forth we hold appellant's proposition of law not well taken.

Decisions in other jurisdictions relative to the deduction of medical payments from uninsured motorist awards have not been consistent or uniform.[2] Appellant urges the

---

[2]Other jurisdictions are divided on the issue of whether medical payments may be deducted from uninsured motorists awards:

Those jurisdictions disallowing deductions include the following:

*Koeper* v. *Farmers Ins. Co.* (E. D. Mo. 1972), 354 F. Supp. 93.

*Tulley* v. *State Farm Mut. Auto. Ins. Co.* (S. D. W. Va. 1972), 345 F. Supp. 1123. ("Provisions contained in uninsured motorist policies * * * allowing sums paid as medical expenses under the policies to be deducted from amounts payable as uninsured motorist insurance damages are void and inoperative under West Virginia law * * *." *Ibid.*, at page 1130.)

*Van Tassel* v. *Horace Mann Mut. Ins. Co.* (1973), 296 Minn. 181, 207 N. W. 2d 348. ("Where the insured has purchased medical-expense insurance to cover expenses actually incurred without regard for fault or recovery from a tortfeasor, the insurer cannot use the availability of that insurance to dilute the uninsured motorist coverage," despite a policy provision that the insurer is obligated to pay under the uninsured motorist coverage that part of damages representing the

reversal of the appellate court's judgment herein, and contends that the insurance clause in question contained in a voluntary contract is not contrary to the public policy of the state, and that the public policy of the state disapproves double **recovery.**

Appellees, in essence, maintain that appellant's proposal permits a double premium but only a single recovery. Each views the suggestion of the other with disfavor and as being contrary to law.

Although a tortfeasor may not benefit from insurance carried by the injured party, in the instant cause the col-

---

expenses for medical services paid or payable under the medical expense coverage.)

*Stephens* v. *Allied Mut. Ins. Co.* (1968), 182 Neb. 562, 156 N. W. 2d 133. (The court held that an insurer may not limit its liability under uninsured motorist coverage by setoffs or limitations through medical payment reduction clauses.)

*Bacchus* v. *Farmers Ins. Group Exchange* (1970), 106 Ariz. 280, 475 P. 2d 264. (See opinion, *infra.*)

*Taylor* v. *State Farm Mut. Auto. Ins. Co.* (La. App. 1970), 237 So. 2d 690. (Damages exceeded the statutory limit.)

*Tuggle* v. *Government Employees Ins. Co.* (Fla. 1968), 207 So. 2d 674. (The court held that an automobile liability policy provision that uninsured motorist coverage was to be subject to setoff for separately contracted for medical coverage violated the minimum coverage prescription of the uninsured motorist statute by requiring a showing of unreimbursed loss, rather than legal damages, within the minimum amount, despite insurer's rights of subrogation.)

*Webb.* v. *State Farm Mut. Auto. Ins. Co.* (Mo. App. 1972), 479 S. W. 2d 148. (Where the insurer "agreed to pay amount due insured from an uninsured driver and medical expenses of occupants up to designated limits," it would be held "to each of those promises, otherwise the insurer would have windfall of premiums collected and be unjustly enriched thereby." *Ibid.*, at page 154.)

*Heiss* v. *Aetna Cas. & Sur. Co.* (1971), 250 Ark. 474, 465 S. W. 2d 699.

Those jurisdictions allowing deductions include the following:

*Wittig* v. *United Services Auto. Assn.* (N. D. Ind. 1969), 300 F. Supp. 679. (Dictum of the case states that medical expenses may be deducted from uninsured motorist coverage when total damages do not exceed the policy limits of the combined medical and uninsured motorist coverage.)

lateral source doctrine is not relevant. The insurer is not in the position of a tortfeasor, the parties being in the contractual relationship of insured and insurer. See *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104; *Koeper* v. *Farmers Ins. Co.* (E. D. Mo. 1972), 354 F. Supp. 93. Governing this contractual relation is the public policy of the state of Ohio as established by the uninsured motorist statute, R. C. 3937.18. In delineating this public policy Justice Herbert in *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, stated the following, at pages 52 and 53:

"The basic purpose of R. C. 3937.18 is clear. It 'is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liabil-

---

*L'Manian* v. *American Motorists Ins. Co.* (1967), 4 Conn. Cir. 524, 236 A. 2d 349. (Under policy affording uninsured motorist coverage and containing both medical clauses and liability clauses, insured had choice of claiming amount of his medical expenses under the medical clause or liability clause, but not under both.)

*Miller* v. *Cosmopolitan Mut. Ins. Co.* (1970), 33 App. Div. 2d 917, 307 N. Y. Supp. 592. (The court held that an uninsured motorist endorsement to the effect that damages recoverable were not to include amount of medical payments paid or payable under medical payments provisions did not violate statute or public policy. The court reduced the arbitration amount by amount of medical payments.)

*Lyon* v. *Hartford Accident & Indemnity Co.* (1971), 25 Utah 2d 311, 480 P. 2d 739. (Dictum of the case states that where damages do not exceed policy limits under the uninsured motorist coverage, medical payments may be set off.)

*Westchester Fire Ins. Co.* v. *Tucker* (Tex. 1974), 512 S. W. 2d 679. (A "policy provision requiring payments under medical expense coverage to be credited on amounts otherwise recoverable under uninsured motorist coverage is ineffective to extent that it reduces the uninsured motorist protection below minimum limits required by * * * [statute]." *Ibid.*, at page 685.)

*State Farm Mut. Auto. Ins. Co.* v. *Harper* (1972), 125 Ga. App. 696, 188 S. E. 2d 813. (When auto policies provide for coverage to be reduced by any sum paid under medical coverage and damages sustained did not exceed uninsured motorist coverage, recovery under uninsured motorist clause would be reduced by amounts paid under medical coverage.)

For additional cases and authorities see 24 A. L. R. 3d 1353, Uninsured Motorist Insurance: Reduction of Coverage by Amounts Payable Under Medical Expense Insurance.

ity coverage, would otherwise go uncompensated.' *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, 258 N. E. 2d 429; *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566; see, also, Note 1, 20 Cleve. L. Rev. 10 (1971). In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance."

"As suggested by *Abate* and *Curran, supra,* R. C. 3937.18, *ab initio,* enunciated a public policy in this state. Private parties are without power to insert enforceable provisions in their contracts of insurance which would restrict coverage in a manner contrary to the intent of the statute."

*Bartlett, supra,* dealt with the deduction of workmen's compensation payments from an uninsured motorist award; here, we are concerned with deductions for medical payments. Giving a liberal construction to effectuate the intent of the General Assembly that coverage be afforded to persons injured through the acts of uninsured motorists (see *Curran* v. *State Automobile Mutl. Ins. Co.* [1971], 25 Ohio St. 2d 33, 38), we hold that the rationale of this court in *Bartlett, supra,* applies to the proposed deduction of medical payments, and the policyholder may recover, subject to his policy limits, to the same extent he would be entitled to recover from his tortfeasor.

Similar holdings may be found in other states. See, e. g., *Bacchus* v. *Farmers Ins. Group Exchange* (1970), 106 Ariz. 280, 282-283, 475 P. 2d 264, which states as follows:

"Permitting offsets of any type would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability which the Legislature intended they should provide. The medical payment coverage part of the policy is independent of the uninsured motorist coverage and should be treated the same as if it were carried with a different company. * * *

"* * * The fact that the motorist sees fit to clothe him-

self with other insurance protection and pays a premium therefor—such as medical payments—cannot alter the mandatory safeguards that the Legislature considers necessary for the well being of the citizen drivers of our state. More particularly, a policy provision which the insured considers to be additional protection and for which he pays a premium with such extra protection in mind cannot be transposed by the insurer into a reduction of the mandatory minimum coverage.

"It is our opinion that in enacting Section 20-259.01 A. R. S. it was the intent of the Legislature that each insured who availed himself of uninsured motorist coverage would have available *not less than* $10,000 per person and $20,000 per occurrence. Any attempt, by contract or otherwise, to reduce any part of this amount is violative of the statute." See, also, *Tulley* v. *State Farm Mut. Auto. Ins. Co.* (S. D. W. Va. 1972), 345 F. Supp. 1123; *Tuggle* v. *Government Employees Ins. Co.* (Fla. 1968), 207 So. 2d 674.

The uninsured motorist coverage required to be offered by R. C. 3937.18 in all automobile or vehicle liability policies issued in the state of Ohio cannot be diluted or diminished by payments made to the insured pursuant to the medical payment provision of the same contract of insurance. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for LOCHER, J.