JARVIS, a Minor, et al., Appellants and Cross–Appellees,

v.

WAYNE MUTUAL INSURANCE COMPANY, Appellee and Cross–Appellant.

[Cite as *Jarvis v. Wayne Mut. Ins. Co.* (1995), 105 Ohio App.3d 145.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 2916.

Decided July 12, 1995.

*David J. Elk,* for appellants and cross-appellees.

*Morris Stutzman,* for appellee and cross-appellant.

REECE, Judge.

Both sides in this lawsuit appeal the trial court's declaratory judgment which determined whether Wayne Mutual Insurance Company ("Wayne Mutual") was contractually obligated to provide underinsured motorist coverage and medical payment coverage for Cara Jarvis. We affirm in part and reverse in part.

On June 6, 1992, Cara Jarvis, a minor, was a passenger in car driven by Hensley George. George's car collided with a car being driven by Ronald Baney, and Jarvis was seriously injured. George had an automobile insurance policy with Farmers Insurance Group. When the trial court entered its decision, Jarvis had recovered $100,000 from the medical payment coverage and $55,000 from the liability coverage under George's Farmers Insurance policy. At oral argument, the parties indicated that since the trial court's decision, Jarvis had recovered an additional $75,000 under the underinsured motorist coverage in George's Farmers Insurance policy.

At the time of the accident, Jarvis was insured under a Wayne Mutual policy in which her father was the named insured. The Wayne Mutual policy had an underinsured motorist policy limit of $100,000 per person and a medical payment policy limit of $5,000 per person. Jarvis sought to recover from Wayne Mutual under the underinsured motorist coverage. Wayne Mutual denied underinsured motorist coverage, claiming that it was entitled to set off from its limit of liability the sums Jarvis had already received from the tortfeasor's insurance carrier. After Wayne Mutual denied coverage, Jarvis instituted this declaratory judgment action on February 11, 1994.

By agreement of the parties, the trial court determined the action exclusively upon the briefs of the parties and a stipulation of facts. The trial court entered its judgment on October 13, 1994. The trial court found that *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, controlled the disposition of the underinsured motorist claim. Although the trial court recognized that *Savoie* "appears to require underinsurance coverage in those cases where the insured's *damages* exceed the amounts received from the tortfeasor's insurance," the court held that *Savoie* did not explicitly overrule *James v. Michigan Mut.*

*Ins. Co.* (1985), 18 Ohio St.3d 386, 18 OBR 440, 481 N.E.2d 272, and, therefore, an insurer was still entitled to set off *from its limit of liability* the sums received from the tortfeasor's insurance carrier. Jarvis appeals this holding.

The underinsured motorist claim was the only claim raised in the parties' pleadings and briefs; nevertheless, the trial court *sua sponte* reviewed the medical payment coverage in the Wayne Mutual policy. The medical payment coverage contained a nonduplication clause which prohibited an insured from recovering under the medical payment section of the Wayne Mutual policy if the insured's medical expenses were recoverable under the underinsured motorist section of the policy. Relying on *Shearer v. Motorists Mut. Ins. Co.* (1978), 53 Ohio St.2d 1, 7 O.O.3d 1, 371 N.E.2d 210, the trial court held that the nonduplication clause was unenforceable and ordered Wayne Mutual to pay Jarvis the $5,000 policy limit under the medical payment coverage. Wayne Mutual cross-appeals this holding. We begin with Wayne Mutual's cross-appeal.

In its brief, Wayne Mutual notes that the medical payment issue "was never argued or briefed for the Trial Court." In arguing its cross-assignment of error, however, Wayne Mutual does not claim that it was error for the trial court to *sua sponte* interpret the medical payment coverage. Rather, Wayne Mutual's cross-assignment of error deals exclusively with the merits of the trial court's decision. Since Wayne Mutual fails to argue the propriety of the trial court's *sua sponte* action and, instead, bases its argument solely upon the merits of the trial court's decision, we may consider any error in the propriety of the trial court's *sua sponte* action to have been waived, and we may properly limit our review to the merits of trial court's decision.

In *Moser v. Wayne Mut. Ins. Co.* (May 17, 1995), Medina App. No. 2333–M, unreported, 1995 WL 296325, this court reviewed an identical nonduplication clause in another Wayne Mutual policy. We held that under *Shearer,* such a nonduplication clause is "in derogation of Ohio public policy and the purpose underlying Section 3937.18 of the Ohio Revised Code." *Id.* at 5. Thus, on the authority of *Moser,* Wayne Mutual's cross-assignment of error is overruled. Accord *Selby v. Wayne Mut. Ins. Co.* (Nov. 2, 1994), Fairfield App. No. 94 CA 08, unreported, 1994 WL 668152.

We turn now to Jarvis's single assignment of error, which challenges the trial court's interpretation of *Savoie.* First, we agree with the trial court's determination that *Savoie* controls the disposition of the underinsured motorist issue between the parties. See *Cartwright v. The Maryland Ins. Group* (1995), 101 Ohio App.3d 439, 655 N.E.2d 827. We disagree, however, with the trial court's interpretation of *Savoie* and, therefore, find merit in Jarvis's assignment of error.

In two other cases, this court has determined that under *Savoie*, a person injured by an underinsured motorist tortfeasor is entitled to collect up to the full limit of an underinsured motorist policy to the extent that his damages exceed the amount he has already received from the tortfeasor. *Cartwright, supra; Cole v. Holland* (Oct. 19, 1994), Summit App. No. 16703, unreported, 1994 WL 581407, discretionary appeal allowed (1995), 71 Ohio St.3d 1493, 646 N.E.2d 468.

In this case, Jarvis has received $55,000 from the tortfeasor's liability coverage, $75,000 from the tortfeasor's underinsured motorist coverage, and $100,000 from the tortfeasor's medical payment coverage. Pursuant to *Savoie*, Wayne Mutual may set off against Jarvis's total damages the $55,000 Jarvis has received from the tortfeasor's liability coverage. Pursuant to this court's holding in *Cartwright*, Wayne Mutual may also set off against Jarvis's total damages the $75,000 she has received from the tortfeasor's underinsured motorist coverage. However, based on the public policy set forth in *Shearer* and this court's reasoning in *Moser*, Wayne Mutual may not set off against Jarvis's total damages the $100,000 she has received from the tortfeasor's medical payment coverage. Contra *Wayne Mut. Ins. Co. v. Leiter* (June 17, 1993), Wyandot App. No. 16–93–5, unreported, 1993 WL 210501. Accordingly, Jarvis is entitled to recover from Wayne Mutual up to the full policy limit of $100,000 to the extent her damages exceed the $130,000 she has received from the tortfeasor's liability policy ($55,000) and tortfeasor's underinsured motorist policy ($75,000). Jarvis's assignment of error is sustained to the extent it is consistent with this decision.

The judgment of the trial court with regard to the medical payment coverage is affirmed, and the judgment of the trial court with regard to the underinsured motorist coverage is reversed.

*Judgment accordingly.*

QUILLIN, P.J., and DICKINSON, J., concur.