DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Wayne Mutual Insurance Company ("Wayne Mutual"), appeals from the decision of the Wayne County Court of Common Pleas granting summary judgment in favor of the appellees, Theodore and Debby Walter, and finding that the appellees were entitled to receive payments for medical insurance coverage as well as payments for uninsured motorist insurance from Wayne Mutual. We affirm.
On July 25, 1995, the Walters and their daughter were injured when they were involved in an automobile collision, which was caused by the negligence of an uninsured motorist. Their medical expenses totaled $2,241.83. The Walters were insured under a policy issued by Wayne Mutual that provided for uninsured motorists coverage in the amount of $50,000 for each person, up to $100,000 for each accident. The policy also provided coverage for medical payments of up to $5,000 per person for which the Walters paid an additional premium.
Wayne Mutual paid the Walters a total of $7,800 to resolve the uninsured motorist claim. The insurance company then denied the Walters' medical payments claims based upon a nonduplication endorsement contained in the contract that excluded payment for medical expenses when payments had been made under the uninsured motorists provision.[1] The Walters filed a complaint for declaratory judgment and requested a judgment declaring that Wayne Mutual was not permitted to offset medical payment benefits based upon the nonduplication clause in the policy. The parties filed motions for summary judgment. The trial court found that the Walters were entitled to medical payments in the amount of $2,241.83 in addition to the uninsured motorists payments. Wayne Mutual appeals, raising the following assignment of error:
ASSIGNMENT OF ERROR
 The trial court erred as a matter of law in finding that Wayne Mutual Insurance Company is obligated to pay the medical payments claims of Appellees pursuant to the medical payments provision of the within automobile liability policy.
The parties agree that there is no dispute as to the material facts and that it was appropriate for the trial court to enter judgment as a matter of law. See Civ.R. 56(C). The sole issue before this Court is whether Wayne Mutual is obligated to pay its policyholders under both the medical payment and uninsured motorist provisions when the insurance policy contains a nonduplication clause. Wayne Mutual contends that the exclusionary clause is enforceable "as a matter of contract law" and that R.C. 3937.18 permits the inclusion of terms that preclude the stacking of uninsured motorist coverages. Wayne Mutual also argues that there is no statute prohibiting nonduplication clauses in insurance contracts and that there is "no public policy in Ohio prohibiting limitation of medical payments coverage."
We disagree with Wayne Mutual's assertions, just as we have disagreed with these same arguments on the three previous occasions when Wayne Mutual has argued this identical issue before this Court. See Jarvis v. Wayne Mut. Ins. Co. (1995), 105 Ohio App.3d 145;Moser v. Wayne Mut. Ins. Co. (May 17, 1995), Medina App. No. 2333-M, unreported; Martin v. Wayne Mut. Ins. Co. (July 19, 1995), Wayne App. No. 2921, unreported. See, also, Wayne Mut.Ins. Co. v. Leiter (June 17, 1993), Wyandot App. No. 16-93-5, unreported, 1993 Ohio App. LEXIS 3608.
Wayne Mutual has failed to make any effort to distinguish this case from, or even acknowledge the existence of, the adverse authority on this subject. See id. See, also, Grange Mut. Cas.Co. v. Lindsey (1986), 22 Ohio St.3d 153, syllabus; Shearer v.Motorists Mut. Ins. Co. (1978), 53 Ohio St.2d 1, syllabus. InMoser, this Court quoted the Ohio Supreme Court as follows:
 The uninsured motorist coverage required to be offered by R.C. 3937.18 in all automobile or vehicle liability policies issued in the state of Ohio cannot be diluted or diminished by payments made to the insured pursuant to the medical payment provision of the same contract of insurance. A contract condition providing for a deduction for medical payments paid under another portion of the insurance contract is in derogation of the public policy and purpose underlying R.C. 3937.18.
 Moser v. Wayne Mut. Ins. Co., supra, Medina App. No. 2333-M, unreported, at 4, quoting Shearer v. Motorists Mut. Ins. Co.,supra, syllabus. More recently, the Ohio Supreme Court reaffirmed this position in Grange Mut. Cas. Co. v. Lindsey, acknowledging that "[w]e recognize that our holding in this case, as did our holding in Shearer, results in `double recovery' for the insured."22 Ohio St.3d at 155.
Wayne Mutual has cited a single case from another jurisdiction in support of its position. See Wayne Mut. Ins. Co.v. Burdge (July 10, 1995), Stark App. No. 95-CA-0011, unreported, 1995 Ohio App. LEXIS 4657. We are more inclined to agree with the dissent in that case in finding that the decision in Shearer has not been either directly or impliedly overruled. See id.
(Hoffman, P.J., dissenting). Other courts that have addressed this subject have also found that contract provisions in which insurers attempted to negate their obligation to pay medical benefits as well as uninsured motorists benefits were "void as violative of public policy." Reineck v. Westfield Natl. Ins. Co.
(Mar. 21, 1997), Huron App. No. H-96-037, unreported, 1997, Ohio App. LEXIS 953, *10. See, also, Selby v. Wayne Mut. Ins. Co.
(Nov. 2, 1994), Fairfield App. No. 94 CA 08, unreported, 1994 Ohio App. LEXIS 5285.
Wayne Mutual has pointed out that R.C. 3937.18 was amended on October 20, 1994. However, we do not find that the language of the modifications would necessarily alter our previous decisions. In amending this statute in response to Savoie v. Grange Mut. Ins.Co. (1993), 67 Ohio St.3d 500, it does not appear as if the legislature clearly manifested an intent to affect insurance medical payments or to supersede Shearer and Grange.
On the basis of stare decisis, the appellant's assignment of error is overruled. We affirm the judgment of the trial court.
The appellees have stated that there was no good faith reason for the institution of this appeal because this issue has previously been determined by this Court. The appellees argue that they have incurred costs and legal expenses which have put them in an inferior position to where they would have been if the insurer had performed its duty to provide medical payment coverage. Therefore, they request attorney's fees based upon the Supreme Court's decision in Motorists Mutual Ins. Co. v.Brandenburg (1995), 72 Ohio St.3d 157. We agree that the appellees should be entitled to these fees, based upon Wayne Mutual's "stubbornly litigious behavior" in repeatedly attempting to litigate this same issue, and in submitting a brief that was almost a verbatim copy of previously submitted briefs. See id. at 162 (Cook, J., dissenting). Therefore, we remand to the trial court for the assessment of reasonable attorney's fees and costs.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
SLABY, P. J.
REECE, J.
CONCUR.
[1] The Medical Payments Coverage portion of Part B of the policy reads:
 We will pay reasonable expenses incurred for necessary medical and funeral services * * * because of and in connection with bodily injury caused by a motor vehicle accident and sustained by a covered person.
The nonduplication endorsement reads as follows:
 Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A [Liability Coverage] or Part C [Uninsured Motorists Coverage].