I concur with the majority's opinion and write only to express a concern over the state of the law in this area. The law, as it stands today, provides different treatment for people similarly situated. This is the result of two Ohio Supreme court cases: Karabin v. State Automobile Mut. Ins. Co. (1984), 10 Ohio St.3d 163
and Shearer v. Motorist Mut. Ins. Co. (1978), 53 Ohio St.2d 1. According to the rationale of these two cases, the only difference in determining whether an injured party recovers for medical payments, under the medical payments portion of the policy, is the timing of the payments.
Pursuant to the Shearer case, an insurance company cannot set off medical payments against uninsured/underinsured motorist coverage. However, under the exact same fact situation, pursuant to the Karabin case, if the insurance company waits to make medical payments under the medical payments portion of the policy, and does so only after it pays uninsured/underinsured motorist benefits, the insurance company is entitled to set off the payments against medical payments provisions of the insurance agreement.
Clearly, the only distinction between the above two situations is timing and the result of such a conclusion is nothing more than legal semantics. I see no rational basis for such an outcome. Rather, common sense would dictate that an insurance company should be able to make medical payments as soon as they deem appropriate, without losing its contractual right of set off under the policy. This position would assist all concerned parties. The injured party would receive medical payments in a timely manner, relieving the injured party from the burden of an unnecessary medical debt. The health care provider would receive timely compensation. Finally, the insurance company could fulfill its contractual obligation to its insured in a timely manner. The same result could be achieved by the General Assembly or the Ohio Supreme Court indicating that individuals and insurance companies cannot contract to set off uninsured/underinsured payments against the medical payments portion of an insurance policy. There would be no incentive to delay medical payments. Insurance companies could then rate their risks and premiums knowing the potential of their liability.
 ______________________________ HON. JOHN W. WISE
 JUDGMENT ENTRY
CASE NO. 97CA0236
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to be split evenly between the parties.