OPINION
Defendant-appellant Wayne Mutual Insurance Company appeals the September 11, 1997 Judgment Entry of the Stark County Court of Common Pleas which granted judgment to plaintiffs-appellees David Green, et al. on their claim for $10,000 under an insurance policy issued by appellant to appellees.
 STATEMENT OF THE CASE AND FACTS
Appellees filed a Complaint and an Amended Complaint against appellant for medical payment coverage limits under a policy issued to them by appellant. Appellant filed a timely answer.
Both parties filed motions for summary judgment. On June 30, 1997, the parties, by and through their counsel, filed an Agreed Statement of Facts. We have attached the Agreed Statement of Facts to our opinion and incorporate it herein by reference.
On September 11, 1997, the trial court issued its Judgment Entry ordering judgment for appellees against appellant, as a matter of law, on appellees' claim for $10,000 under the medical payment coverage of the policy. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT WAYNE MUTUAL INSURANCE COMPANY IS OBLIGATED TO PAY THE MEDICAL PAYMENTS CLAIMS OF APPELLEES PURSUANT TO THE MEDICAL PAYMENTS PROVISION OF THE WITHIN AUTOMOBILE LIABILITY POLICY.
This Court has reviewed the exact policy language at issue in the case sub judice in Selby v. Wayne Mut. Ins. Co. (Nov. 2, 1994), Fairfield App. No. 94CA08, unreported.[1] Therein, we held payments under appellant's Medpay coverage could not be offset by payments remitted under its uninsured motorist coverage. This same result was reached in Jarvis v. Wayne Mut. Ins. Co.
(1995), 105 Ohio App.3d 145; Moser v. Wayne Mut. Ins. Co. (May 17, 1995), Medina App. No. 2333-M, unreported; and Martin v. WayneMut. Ins. Co. (July 19, 1995), Wayne App. No. 2921, unreported. Upon revisiting Selby, supra, we adhere to the decision we reached therein.[2]
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
[1] The pertinent language of the policy reads:
 Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A (Liability Coverage) or Part C (Uninsured Motorists Coverage).
[2] Appellant contends this Court denied the insured dual recovery when presented with the same issue in Wayne Mut. Ins. Co.v. Burdge (July 10, 1995), Stark App. No. 95CA0011, unreported. Upon review of Burdge, we find it factually distinguishable.
For the reasons stated in our accompanying Memorandum-Opinion, the September 11, 1997 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.