Pfeifer, J.,
concurring.
{¶ 38} The certified question in this case is: “Does Ohio Revised Code Section 3937.18, as amended in 2001 by S.B. 97 (effective October 31, 2001), permit insurers to include an express limitation of coverage in an automobile insurance policy that precludes payments made under Uninsured/Underinsured Motorist coverage for medical expenses that are paid or payable under the Medical Payments coverage purchased in the same policy?” Based on my reading of R.C. 3937.18, in particular subsection (I), and the analysis contained in the majority opinion, the answer to the certified question must be yes.
{¶ 39} I write separately to emphasize that Shearer v. Motorists Mut. Ins. Co. (1978), 53 Ohio St.2d 1, 7 O.O.3d 1, 371 N.E.2d 210; Grange Mut. Cas. Co. v. Lindsey (1986), 22 Ohio St.3d 153, 22 OBR 228, 489 N.E.2d 281; and Berrios v. State Farm Ins. Co., 98 Ohio St.3d 109, 2002-Ohio-7115, 781 N.E.2d 149, remain good law, having been neither overturned by this case nor superseded by S.B. 97. Nevertheless, it is quite clear that the General Assembly has abandoned the public policy upon which those three cases were based.
{¶ 40} I cannot say with confidence that the State Farm policy in this case is contrary to public policy or goes beyond what the General Assembly intended to allow. Furthermore, based on the policy language in this case, the exclusion does not present a gap in coverage. See Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 276, 744 N.E.2d 719 (the purpose of uninsured-motorist coverage is to eliminate gaps in coverage that could occur because the tortfeasor is uninsured or underinsured). An exclusion that creates a gap in coverage would be contrary to public policy, and nothing in the statutory scheme indicates that by enacting R.C. 3937.18(1), the General Assembly intended to abandon its policy against such gaps.
*480 Seaman Garson, L.L.C., James DeRoche, and David H. Krause; and Law Offices of Glenn D. Feagan and Glenn D. Feagan, for respondents Laura Grace, Elizabeth Garcia, Ladon Ruffin, and Dorian Jones.
Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, and Nicole T. Fiorelli; and Schottenstein Law Offices and Edwin E. Schottenstein, for respondent Patricia Schwab.