GRANGE MUTUAL CASUALTY COMPANY, APPELLANT, *v.* LINDSEY, APPELLEE.

[Cite as Grange Mut. Cas. Co. *v.* Lindsey (1986), 22 Ohio St. 3d 153.]

(No. 85-939—Decided February 19, 1986.)

*Pfau, Pfau & Pfau* and *William E. Pfau III,* for appellant.

*Martin S. Goldberg,* for appellee.

CLIFFORD F. BROWN, J. In *Shearer* v. *Motorists Mut. Ins. Co.* (1978), 53 Ohio St. 2d 1 [7 O.O.3d 1], this court held that "[t]he uninsured motorist

coverage required to be offered by R.C. 3937.18 in all automobile or vehicle liability policies issued in the state of Ohio cannot be diluted or diminished by payments made to the insured pursuant to the medical payment provision of the same contract of insurance. A contract condition providing for a deduction for medical payments paid under another portion of the insurance contract is in derogation of the public policy and purpose underlying R.C. 3937.18."

In this case, appellant argues as its sole proposition of law that its contractual right of subrogation as to payments made under the medical payments provision changes the result mandated by *Shearer* "if the insured's total damages are equal to or less than the limits of coverage provided for protection against uninsured motorists."

We note at the outset that the terms of the policy at issue draw no distinction between those cases in which an insured's total damages are less than the uninsured motorist coverage limits and those cases in which the damages exceed those limits. However, such a distinction, even if it had been drawn by the contract terms, would not alter our holding that Grange's position is without merit. Indeed, in *Shearer* the total damages of two of the three plaintiffs were within the applicable uninsured motorist coverage limits, but that fact did not cause this court to reach a result in their cases different from the result reached for the remaining plaintiff whose total damages exceeded his respective uninsured motorist coverage limits.

Grange acknowledges that the only difference between the policy terms at issue in this case and the policy terms considered in *Shearer* is that Grange's policy includes a clause by which Grange is subrogated to its insured's rights of recovery, to the extent of payments made pursuant to the medical payments coverage section of the insurance policy. But an insurance policy clause which provides to the insurer a contractual right of subrogation as to payments made under the medical payments portion of the policy does not enable the insurer to avoid obligations it incurs pursuant to the uninsured motorist provisions of the same insurance policy. Thus, even where the policy provides for subrogation as to payments made as medical payments coverage, a contract provision which would, in essence, enable the insurer to set off such medical payments against amounts due to the insured pursuant to uninsured motorist coverage is void as in derogation of the public policy and purpose underlying R.C. 3937.18.

We recognize that our holding in this case, as did our holding in *Shearer,* results in a "double recovery" for the insured. However, nothing has occurred since our decision in *Shearer* which would alter that result. We cannot accept Grange's argument that the presence of a subrogation clause prevents the medical payments coverage provided under one portion of an insurance policy from being considered as "collateral" to uninsured motorist coverage provided under a separate portion of the same

policy. Grange's arguments to the contrary amount to a rehashing of the arguments this court considered and rejected in *Shearer*. Rather, the following observations made by the Arizona Supreme Court remain relevant:

"Permitting offsets of any type would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability which the Legislature intended they should provide. The medical payment coverage part of the policy is independent of the uninsured motorist coverage and should be treated the same as if it were carried with a different company. * * *" *Bacchus* v. *Farmers Ins. Group Exchange* (1970), 106 Ariz. 280, 282, 475 P. 2d 264.

So long as the insured pays separate premiums for medical payments coverage and uninsured motorist coverage, each of which the insured considers to be additional protection, the mere inclusion of a subrogation clause within the policy, which will enable the insurer to pursue collection from the tortfeasor of both types of payments made, does not alter the result mandated by *Shearer*.

Therefore, although by virtue of the subrogation clause Grange is entitled to recover from the tortfeasor any and all amounts which Grange paid to Lindsey, Grange is not entitled to set off the payments made to Lindsey for medical payments coverage against amounts due as uninsured motorist coverage as the result of an arbitration award. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. The syllabus of this opinion should read:
"When an automobile liability policy provides medical payments coverage and also uninsured motorist coverage within the same contract, a provision which reduces the amount of any payment owed under the uninsured motorist coverage by the amount of any payments made under the medical payments coverage is valid and enforceable if under the contract the insurer is subrogated to the rights of the insured to the extent of any payments made under the medical payments provision and if the insured's total damages are equal to or less than the limits of coverage provided for protection against uninsured motorists."

If the judgment of this court would be in accordance with the above suggested law, it would neither do violence to the law previously set forth in *Shearer* v. *Motorists Mut. Ins. Co.* (1978), 53 Ohio St. 2d 1 [7 O.O.3d 1], nor would it be in derogation of the intent and purpose of the uninsured motorist provisions of R.C. 3937.18.

Here, unlike the policy in *Shearer,* there was a subrogation clause in the policy which would allow the insurer to proceed against a tortfeasor having insurance coverage. Had there been no subrogation clause, and a tortfeasor with insurance coverage, the insured could have proceeded against the latter and any recovery would, according to *Shearer,* have been a collateral source recovery; thus, any setoff against uninsured motorist provisions would have been in violation of public policy. Pursuant to the setoff provision here, if construed reasonably, there would, in accordance with valid public policy, be no double recovery. Under the ruling of the majority here, the appellee was fortunate to have been struck by an uninsured motorist, as only in that manner could he obtain the double recovery which is being allowed. If he had been struck by a motorist having adequate insurance, he would only have recovered his total damages, as the appellant would have been subrogated to the extent of the advanced medical payments.

The medical payments coverage provides for prompt payment of medical expenses upon verification that the expenses have been incurred as a result of an automobile accident. These payments are made regardless of fault and are of significant benefit to the insured. In this case, appellee received the medical payments well in advance of the uninsured motorist proceeding.

The policy of insurance issued by appellant reaches the appropriate result of full compensation to the insured within the limits of coverage regardless of the insurance status of the tortfeasor. This is precisely the objective stressed by this court in *Shearer, supra,* and *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 [62 O.O.2d 406]. The policy issued by appellant here does not provide for double payment of benefits, and it cannot realistically be argued that double payment is within the anticipation of the policyholder.

In *Bartlett,* this court, in denying the deduction of workers' compensation benefits from uninsured motorist coverage, stated:

"* * * [T]he legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance."

The court determined that the workers' compensation benefits were from a purely collateral source, and to allow the deduction would have defeated the public policy underlying uninsured motorist coverage in Ohio. The *Bartlett* holding was a sound and equitable one, in that it placed the injured party in the same position to be made whole through uninsured coverage that he would have been in if the tortfeasor had liability insurance. That is the legislative intent of uninsured motorist coverage.

For the above reasons, I would reverse the judgment of the court of appeals.

LOCHER and WRIGHT, JJ., concur in the foregoing dissenting opinion.