OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, reducing a jury verdict in favor of plaintiff-appellant, Ronald L. Rhodes, II, pursuant to a motion for a partial judgment notwithstanding the verdict filed by defendant-appellee, State Farm Mutual Automobile Insurance Company.
On February 4, 1994, appellant was involved in an automobile accident with a non-party tortfeasor, Luann Blake (Blake). As a result of the accident, appellant sustained injuries to his neck and shoulder and alleged an injury causing bilateral carpal tunnel syndrome. Blake, who was intoxicated the night of the accident, was insured with Allstate Insurance Company (Allstate). Appellant, who was insured under an automobile liability insurance policy with appellee, obtained permission from appellee to settle the matter with Blake and Allstate. In consideration of a full and final settlement release, Allstate paid to appellant the policy limits of $12,500.00 available under Blake's liability coverage.
Appellant then brought an underinsured motorist claim against appellee under the terms of his coverage. After several attempts at settlement failed, the parties proceeded to jury trial on September 29, 1997 and appellant raised the issue of punitive damages for the first time. After considering the evidence, which included the investigating police officer's report indicating Blake's intoxication, the trial judge instructed the jury on the issue of punitive damages.
On October 2, 1997, the jury returned a verdict finding that the alleged bilateral carpal tunnel syndrome was not caused by the accident in question. However, the jury found in favor of appellant regarding his other injury claims and awarded damages, as indicated by the jury interrogatories, including $3,635.50 for medical expenses proximately caused by the accident, $25,000.00 for compensatory damages, and $35,000.00 for punitive damages, for a total amount of $63,635.50, plus attorney fees. This total amount was entered in the trial court's judgment entry filed on October 3, 1997, but attorney fees were not calculated in such entry.
On October 28, 1997, appellee filed a post-trial motion to adjust the verdict and for a partial judgment notwithstanding the verdict. On March 11, 1998, the trial court filed its judgment entry, eliminating the punitive damage award as well as the medical expense award. The trial court also reduced the compensatory damages by $12,500.00, which was the amount of appellant's settlement with Blake and Allstate. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court committed reversible error, to the prejudice of plaintiff-appellant, by ruling upon defendant appellees (sic) motion to adjust verdict and for partial judgment N.O.V. when said motion was untimely filed."
Appellant cites Civ.R. 50(B), which states, in pertinent part:
 "(B) Motion for Judgment Notwithstanding the Verdict. Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; * * *."
Appellant argues that the trial court's judgment entry was filed on October 3, 1997, but appellee did not file its motion to adjust the verdict and for a partial judgment notwithstanding the verdict until October 28, 1997, which was more than fourteen days beyond the date the judgment entry was filed. Appellant also argues that Civ.R. 6(B) prohibited the trial court from extending the time within which appellee had to file its motion for judgment notwithstanding the verdict. Appellant alleges that the trial court violated Civ.R. 50(B).
Appellant did not bring this procedural error to the attention of the trial court in his reply to appellee's motion to adjust the verdict and for a partial judgment notwithstanding the verdict. Therefore, the trial court did not have an opportunity to correct this procedural error. Additionally, appellee's motion, as it related to the compensatory damages and medical payments, was based upon an adjustment to the verdict and was thereby subject to Civ.R. 60(B). Thus, the trial court could consider such motion if presented within a reasonable time. In the present case, appellee filed its motion to adjust the verdict and for a partial judgment notwithstanding the verdict twenty five days after the original judgment entry, which was within a reasonable time. Therefore, the trial court did not err in ruling upon appellee's motion.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The trial court committed reversible error, to the prejudice of plaintiff-appellant, by vacating the punitive damage award rendered by the jury in its verdict of October 3, 1997."
Appellant cites to the syllabus of State Farm Auto. Ins. Co. v.Alexander (1992), 62 Ohio St.3d 397, which states:
 "An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law."
Appellant argues that although Alexander, supra, considered a "household exclusion", the principle applies to all limitations on uninsured or underinsured motorist coverage. Appellant citesMartin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, wherein the Ohio Supreme Court recognized that the purpose of uninsured motorist coverage is to protect persons from losses which might otherwise go uncompensated. Appellant also citesStanton v. Nationwide Mut. Ins. Co. (1993). 68 Ohio St.3d 111, wherein the Ohio Supreme Court held invalid a "for fee" exclusion under uninsured motorist coverage. Appellant further citesJennings v. Dayton (1996), 114 Ohio App.3d 144, wherein the court voided a "self-insurer" exclusion on uninsured motorist coverage. Thus, appellant argues that in preventing exclusions from uninsured and underinsured motorist coverage, courts ensure that persons will not suffer losses which might go uncompensated.
Appellant states that in the present case, the insurance contract excluded punitive damages from the uninsured and underinsured motorist coverage. Appellant argues that this violated the general rule prohibiting such exclusions. Alexander,supra. Therefore, appellant maintains that the trial court erred in eliminating the punitive damage award from the jury verdict.
The purpose of punitive damages is to punish certain behavior.Cabe v. Lunich (1994), 70 Ohio St.3d 598. Although such punishment is supposed to be used to prevent the conduct committed by the tortfeasor, the Ohio Supreme Court in State FarmMut. Ins. Co. v. Blevins (1990), 49 Ohio St.3d 165, 168, has stated:
 "* * * [T]he insurer will often not recover. punitive damages from the tortfeasor. More likely, the insurer will raise premiums and pass the loss on to financially responsible consumers. * * * The practical effect is to `punish' the wrong party.
 "We find no reason to conscript insurers into an unwitting commitment to provide coverage for punitive damages. * * * Accordingly, we * * * hold that in the absence of specific contractual language, coverage for punitive or exemplary damages will not be presumed under a provision for uninsured motorist coverage."
In the case at bar, there was a contract provision in the insurance contract which excluded punitive damages from the underinsured motorist coverage. This provision does not interfere with the purpose of underinsured motorist coverage, but instead prevents the wrong party, appellee, from facing a punishment for the tortfeasor's actions. Blevins, supra. Therefore, the trial court did not err in eliminating the punitive damage award from the jury verdict as a matter of law.
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "The trial court committed reversible error, to the prejudice of plaintiff-appellant, when it determined that the award for medical bills must be vacated on the basis that plaintiff appellant was paid under his medical payments provision of his insurance policy."
In Grange Mut. Cas. Co. v. Lindsey (1986), 22 Ohio St.3d 153,154-155, the Ohio Supreme Court quoted its previous decision inShearer v. Motorists Mut. Ins. Co. (1978), 53 Ohio St.2d 1, stating:
 "* * * `[t]he uninsured motorist coverage required to be offered by R.C. 3937.18 in all automobile or vehicle liability policies issued in the state of Ohio cannot be diluted or diminished by payments made to the insured pursuant to the medical payment provision of the same contract of insurance. A contract condition providing for a deduction for medical payments paid under another portion of the insurance contract is in derogation of the public policy and purpose underlying R.C. 3937.18.'"
Appellant argues that Grange, supra, is distinguishable from the present case. Appellant maintains that in Grange, supra, there was a single uninsured motorist award made which did not differentiate between the different types of damages awarded. However, appellant contends that in the present case, the jury answered interrogatories which specifically awarded medical expenses in the amount of $3,635.50, compensatory damages in the amount of $25,000.00 and punitive damages in the amount of $35,000.00, plus attorney fees. Appellant argues that the trial court did not attempt to reduce the compensatory or punitive damages by the amount paid under the medical payment coverage. Appellant argues that instead, the trial court eliminated the medical expenses paid under the medical payment coverage of his insurance policy, ostensibly to prevent an alleged second payment of these expenses under the underinsured motorist coverage of his insurance policy.
Although this case is different from Grange, supra, in that the jury here answered interrogatories, the essence of Grange, supra, remains the same. In Grange, supra, the Ohio Supreme Court recognized that its holding could result in a double recovery to the insured, but found that an insured was nonetheless entitled to collect for medical payments pursuant to uninsured/underinsured coverage. The Ohio Supreme Court's rationale for its holding in Grange, supra, was based upon the idea that an insured pays two separate premiums for medical payment coverage and uninsured/underinsured coverage. This same rationale is found in the present case as appellant paid separate premiums for medical payment coverage and uninsured/underinsured coverage. Moreover, if appellant's distinction were to be accepted, an insurance company could merely itemize the categories of damages paid to an insured in an effort to circumvent the dictates of Grange, supra. This would, in effect, overrule the Ohio Supreme Court's holding in Grange, supra, which this court may not do because it lacks such jurisdiction. Therefore, the trial court erred when it excluded the medical payment award in the amount of $3,635.50 from the jury verdict.Grange, supra.
Appellant's third assignment of error is found to have merit.
Appellant's fourth assignment of error alleges:
 "The trial court committed reversible error, to the prejudice of plaintiff-appellant, when it reduced the compensatory damages awarded to plaintiff-appellant by the amount of $12,500.00."
Appellant recognizes Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, wherein the Ohio Supreme Court held that payments collected from the tortfeasor's insurance company must be offset against the total damages awarded, up to the underinsured policy limits. However, appellant argues that the amendment to R.C.3937.18, effective October 20, 1994 also applies. R.C. 3937.18, as amended, requires that payment from the tortfeasor's insurance company be offset against the policy limits of the uninsured or underinsured motorist coverage.
In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, the Ohio Supreme Court held that the statutory law in effect at the time of entering into a contract of insurance controls the rights and duties of the contracting parties. In the present case, the accident occurred on February 4, 1994, and appellant was covered by an existing policy of insurance on that date. R.C.3937.18, as amended, could not have been the controlling law because the amendment did not become effective until October 20, 1994, over at least eight months after the date of the accident and clearly after the parties had entered into the contract of insurance involved here. Therefore, the amended R.C. 3937.18
cannot now control the rights and obligations of the parties as it was not in effect at the time of the insurance contract in the case at bar. Ross, supra.
Applying the holding of Savoie, supra, to the present case, the settlement amount should have been offset against the total damage award, up to the underinsured policy limits of $50,000.00. First, punitive damages were properly vacated from the jury verdict, as recited under appellant's second assignment of error. Although the trial court properly excluded punitive damages, it erred in excluding the medical payments, as stated in appellant's third assignment of error. Therefore, the appropriate damage award consisted of compensatory damages in the amount of $25,000.00, and medical expenses in the amount of $3,635.50, for a total of $28,635.50. Applying Savoie, supra, the total amount awarded was offset by the $12,500.00, which appellant collected pursuant to his settlement with Blake and Allstate. Therefore, the correct damage amount to be awarded to appellant after applying Savoie, supra, is $16,135.50.
Appellant's forth assignment of error is found to be without merit.
The judgment of the trial court is affirmed in part and reversed in part and the final damage award to appellant is modified according to law and consistent with this opinion.
VUKOVICH, J., concurs. See concurring opinion.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE