DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, awarding an insurer recovery on a medical coverage subrogation claim. Because we conclude that enforcement of the subrogation clause would violate public policy, we reverse.
Appellant, Natalie M. Warner, was injured in a 1995 auto accident caused by Channing Suscha. Appellant sued Suscha for damages and her own insurer, appellee, Allstate Insurance Company, to enforce the medical pay and underinsured motorist provisions of her own policy. Appellee eventually paid, with a reservation of its right of subrogation, the $10,000 limits of appellant's medical payment coverage. Appellee also gave its approval to appellant's settlement with Suscha's insurer for $12,500, the limits of her auto insurance coverage. Suscha was then dismissed from the case.
Appellant and appellee then settled appellant's underinsured motorists claim for the amount of $65,000, but were unable to concur on whether appellant was obligated to reimburse appellee, under the right of subrogation, for the $10,000 in medical payments it provided. The parties agreed to submit this issue to the trial court.
The trial court had to determine whether it was against public policy for an insurer to set off underinsurance coverage by way of a subrogation clause in the medical payment portion of an insurance policy. The parties agreed that appellant's total damages were $77,500;[1] however, citing a line of uninsured motorist cases, appellant argued that appellee's admittedly valid subrogation clause should not be given effect. To do so, according to appellant, would violate the principles of Ohio's statutory uninsured/ underinsured motorists insurance scheme. Even though appellant relies on uninsured motorists cases rather than underinsured motorists in support of her argument, she asserts that this is a "distinction without a difference."
The trial court concluded that appellee was entitled to be reimbursed for the medical pay it had advanced. The court distinguished the cases cited by appellant as involving attempts by insurers to avoid paying the full amount due the insured. In this case, the court found, appellant had been fully compensated.
From this decision, appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT ERRED IN RULING THAT ALLSTATE WAS ENTITLED TO REIMBURSEMENT OF MEDICAL PAYMENTS MADE TO PLAINTIFF-APPELLANT OUT OF UNDERINSURED MOTORIST SETTLEMENT PROCEEDS PAID BY ALLSTATE."
Medical payment coverage is a matter of contract between the insured and the insurer. Karabin v. State Auto Mut. Ins. Co.
(1984), 10 Ohio St.3d 163, paragraph two of the syllabus. Absent other considerations, provisions restricting coverage, like csubrogation clauses, are enforceable. Duriak v. Globe Am. Cas.Co. (1986), 28 Ohio St.3d 70, 73, overruled on other grounds,Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619. However, it is well established that when such clauses dilute or diminish payments to which an insured is entitled pursuant to uninsured or underinsured motorists coverages mandated by R.C.3937.18, these provisions are violative of public policy and will not be enforced. Shearer v. Motorist Mut. Ins. Co. (1978),53 Ohio St.2d 1, syllabus; Grange Mut. Cas. Co. v. Lindsey (1986),22 Ohio St.3d 153, syllabus; Jarvis v. Wayne Mut. Ins. Co. (1995),105 Ohio App.3d 145, 147; Reineck v. Westfield Ins. Co. (Mar. 21, 1997), Huron App. No. H-96-037, unreported; Stass v. McCallister
(Mar. 10, 2000), Miami App. No. 99-CA-34, unreported.
What constitutes the dilution of uninsured/underinsured motorists coverage was explained in Lindsey, supra. There, an insurer, under medical pay policy provisions, paid approximately $5,000 in medical bills for its insured who had been injured by an uninsured motorist. The remainder of the insured's claim went to a panel of arbitrators to whom Lindsey submitted his medical bills, including those which had already been paid by the insurer. When the panel awarded Lindsey $65,000, the insurer, citing a medical payment subrogation clause, paid the award less the medical payments already made.
When Lindsey attempted to reduce the remainder of the arbitration award to judgment, the insurer filed a declaratory judgment action claiming that it was entitled to set off against the total award the amount it had advanced under medical pay coverage. The trial court ruled for Lindsey and the court of appeals affirmed. The Supreme Court of Ohio concurred, holding that,
 "* * * even where the policy provides for subrogation as to payments made as medical payments coverage, a contract provision which would, in essence, enable the insurer to set off such medical payments against amounts due to the insured pursuant to uninsured motorist coverage is void as in derogation of the public policy and purpose underlying R.C. 3937.18." Lindsey at 155
Moreover, the court continued, even though this ruling results in "double recovery" for an insured, such a result is warranted, "[s]o long as the insured pays separate premiums for medical payments coverage and uninsured motorists coverage * * *."Id. at 156.
In our view, the only distinguishing feature betweenLindsey and the case before us is that the former was an uninsured motorist case, while the present is an underinsured. Appellant argues that this is a distinction without a difference. We note that the Lindsey court impliedly rejected such a distinction when it quoted with favor from Bacchus v. Farmers Ins.Group Exchange (1970), 106 Ariz. 280, 282, that, "[t]he medical payment coverage part of the policy is independent of the uninsured motorist coverage and should be treated the same as if it were carried with a different company." Id.[2] We take this to mean that insureds who suffer damages as a result of the actions of a tortfeasor without insurance (uninsureds) are to be treated the same as insureds harmed by tortfeasors with insufficient insurance (underinsureds).
We are bound to follow the dictates of the Supreme Court of Ohio when it has addressed an issue. Gray v. Estate of Barry
(1995), 101 Ohio App.3d 764, 765. In our view, this matter is indistinguishable in any material way from Grange Mut. Cas. Co. v.Lindsey. Therefore, the trial court erred in permitting appellee to set off its medical payments. Accordingly, appellant's sole assignment of error is well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed.
Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.
 Peter M. Handwork, J., Melvin L. Resnick, J.
[1] The $12,500 paid by the tortfeasor's insurer, plus the $65,000 from appellee.
[2] It is interesting to note that Bacchus upon which theLindsey court relied, was overruled by Schultz v. Farmers GroupIns. Cos. (1991), 167 Ariz. 148, 152-153, to the extent that a double recovery results.