OPINION
{¶ 1} Plaintiff-appellant Wayne Mutual Insurance Company ("Wayne Mutual") appeals the July 19, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Richard Bradley, et al., and which denied Wayne Mutual's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts of this case are not in dispute:
 {¶ 3} On January 14, 2004, Defendants-Appellees Richard and Cleva Bradley (hereinafter "the Bradleys") were struck by an uninsured driver, Jacqueline Lippert, who ran a stoplight in Massillon, Ohio. Both Cleva and Richard Bradley were injured, incurring medical expenses of $6,800 and $3,095, respectively.
 {¶ 4} At the time of the crash, the Bradleys maintained an automobile insurance policy with Plaintiff-Appellant Wayne Mutual Insurance Company (hereinafter "Wayne Mutual") which provided both uninsured motorist ("UM") coverage and medical payments coverage.
 {¶ 5} The Bradleys first submitted a claim for medical payments coverage. The Bradleys signed and submitted a Medical Expenses Proof of Loss form, as required by Plaintiff-Appellant Wayne Mutual. (See Wayne Mutual motion for Summary Judgment at Ex. A, Appendix A herein). After receiving copies of the Bradleys' medical bills, on May 10, 2004, Wayne Mutual issued checks for $5,000.00 and $2,791.00 to Cleva and Richard Bradley, respectively, under their policy's Medical Payments Coverage. (See Wayne Mutual motion for Summary Judgment at Ex. A).
 {¶ 6} The Bradleys then submitted their uninsured motorist claim to Wayne Mutual and demanded arbitration under the terms of the policy. During the settlement discussions, a dispute arose regarding whether Wayne Mutual was entitled to set-off medical payments coverage from UM coverage.
 {¶ 7} As Cleva Bradley had exhausted her Medical Payments Coverage with the payment of the $5,000.00, Wayne Mutual issued an additional check to her on May 10, 2004, for reimbursement of medical expenses in the amount of $455.10 under the Uninsured Payments Coverage.
 {¶ 8} Wayne Mutual maintains that, pursuant to its policy of insurance with the Bradleys, it is not obligated to reimburse them for the same medical bills under both the Medical Payments Coverage and the Uninsured Motorist Coverage. Wayne Mutual argues that this would allow for a double recovery and would be contrary to the express provisions of the policy, contrary to public policy, and contrary to the contractual intent of the parties under the policy.
 {¶ 9} On April 11, 2005, Wayne Mutual filed a declaratory judgment action in the Stark County Court of Common Pleas.
 {¶ 10} On June 10, 2005, Wayne Mutual filed a motion for summary judgment. The Bradleys filed a cross-motion for summary judgment.
 {¶ 11} On July 19, 2005, the trial court filed a Judgment Entry in which it found that Wayne Mutual was not entitled to set-off the amount of medical payments coverage from UM coverage. In reaching this decision the trial court wrote that it relied upon the policy and the relevant case law. Additionally, the trial court observed that the Bradleys "paid separate premiums for uninsured motorists coverage and for medical payments coverage."'
 {¶ 12} It is from this July 19, 2005, Judgment Entry Appellant now appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN HOLDING THAT PLAINTIFFA-PPELLANT IS RESPONSIBLE FOR PAYING THE SAME MEDICAL BILLS UNDER APPELLEES' UNINSURED MOTORISTS COVERAGE THAT HAVE BEEN PREVIOUSLY PAID UNDER APPELLEES' MEDICAL PAYMENTS COVERAGE, AS S.B. 97 HAS MADE UNINSURED MOTORIST COVERAGE PURELY CONTRACTUAL IN NATURE.
 {¶ 14} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, IGNORING THE FACT THAT THE CONTRACT WILLINGLY ENTERED INTO BY APPELLEES AND APPELLANT EXPRESSLY PRECLUDED THE TYPE OF DOUBLE RECOVERY THAT THE APPELLEES ARE SEEKING."
Standard of Review
 {¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 16} Civ.R. 56(C) states, in pertinent part:
 {¶ 17} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 18} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 19} It is based upon this standard we review appellant's assignments of error.
 I., II. {¶ 20} In both its first and second assignments of error, Appellant asserts the trial court erred in finding it was not entitled to set-off medical payments coverage from underinsured motorist coverage.
 {¶ 21} In the trial court, Wayne Mutual argued that it was entitled to a set-off because it was a "legally responsible" party under its "Limit of Liability" clause contained in the UM policy, which reads as follows:
 {¶ 22} "The limit of liability shall be reduced by all sums paid or payable because of the bodily injury by or on behalf of persons or organizations who may be legally responsible."
 {¶ 23} However, Wayne Mutual is not raising this argument to this Court based on our recent decision in Harris v. AllstateIns. Co., Stark App. No. 2004CA235, 2005-Ohio-1641.
 {¶ 24} Instead, Wayne Mutual is appealing the trial court's rejection of its argument that S.B. 97, which became effective October 31, 2001,[1] overruled the cases upon which the trial court relied in finding that the set-off was proper in the case sub judice, those cases being Berrios v. State Farm Ins.Co., (98 Ohio St.3d 109, 2002-Ohio-7115, Grange Mutual CasualtyCo. v. Lindsey (1986), 22 Ohio St.3d 153 and Shearer v.Motorists Mutual Ins. Co. (1978), 53 Ohio St.2d 1.
 {¶ 25} In Berrios, supra, the Supreme Court held that a contract condition providing for a deduction for medical payments paid under another portion of the insurance contract is in derogation of the public policy and purpose underlying the statute providing for uninsured (UM) and underinsured motorist (UIM) coverage.
 {¶ 26} The Berrios Court stated that a subrogation clause in an automobile insurance policy did not entitle insurer to reimbursement from insured's settlement with underinsured motorist (UIM) for payments insurer made under medical payments coverage, where insured settled UIM claim with insurer, insurer treated UIM coverage separately from medical payments coverage by setting out separate conditions for payment under contract, and the insured paid separate premium for medical coverage.
 {¶ 27} Furthermore, and more importantly, the court inBerrios, held:
 {¶ 28} "In addition to the public-policy reasoning behindShearer was a more practical issue — that people who pay separate premiums for separate coverages should get what they pay for: "`[A] policy provision which the insured considers to be additional protection and for which he pays a premium with such extra protection in mind cannot be transposed by the insurer into a reduction of the mandatory minimum coverage.'" Id.
 {¶ 29} In Shearer v. Motorists Mut. Ins. Co. (1978),53 Ohio St.2d 1, the Supreme Court struck down an insurance policy provision that permitted an insurer to reduce the amount recoverable under uninsured motorist ("UM") coverage by the amount the insurer paid under the medical payments portion of the policy, finding that "[a] contract condition providing for a deduction for medical payments paid under another portion of the insurance contract is in derogation of the public policy and purpose underlying R.C. 3937.18." Id. at syllabus.
 {¶ 30} The Shearer court stated that "[t]he medical payment coverage part of the policy is independent of the uninsured motorist coverage and should be treated the same as if it were carried with a different company." Id.
 {¶ 31} In Grange Mut. Cas. Co. v. Lindsey (1986),22 Ohio St.3d 153, the Supreme Court considered whether a subrogation clause, rather than a setoff clause as in Shearer, could allow insurers to reduce UM coverage payments by the amount paid under medical payments coverage.
 {¶ 32} In Lindsey, the insured was injured in an automobile collision caused by an uninsured motorist. The insurer paid the insured's medical bills pursuant to his medical payment coverage. The insured's UM claim went to arbitration. The arbitrator arrived at an award well within the policy limits. The insurer sought to reduce the amount of the arbitration award by the amount it had previously paid under the medical payments coverage. The insurer argued that its case was different from the insurer in Shearer because of the subrogation clause, which had been lacking in Shearer. The Supreme Court, concerned less with terminology than with the practical effect of the subrogation clause, rejected that distinction, finding:
 {¶ 33} "[A]n insurance policy clause which provides to the insurer a contractual right of subrogation as to payments made under the medical payments portion of the policy does not enable the insurer to avoid obligations it incurs pursuant to the uninsured motorist provision of the same insurance policy. Thus, even where the policy provides for subrogation as to payments made as medical payments coverage, a contract provision which would, in essence, enable the insurer to set off such medical payments against amounts due to the insured pursuant to uninsured motorist coverage is void as in derogation of the public policy and purpose underlying R.C. 3937.18."
 {¶ 34} The Supreme Court explained, in the Berrios case, that in Lindsey it realized that, as in Shearer, its decision resulted in a "double recovery" — i.e., recovery under both the UM and medical payments policy provisions — for the insured.Berrios at 152. The Court went on to state that double recovery did not trouble the Court. Id. It went on to state that it was more concerned that insurers would use subrogation clauses to avoid their obligations to provide full coverage:
 {¶ 35} "We cannot accept [the] argument that the presence of a subrogation clause prevents the medical payments coverage provided under one portion of an insurance policy from being considered as `collateral' to uninsured motorist coverage provided under a separate portion of the same policy. Id.
 {¶ 36} Upon review, we find that like the insurer inLindsey, Wayne Mutual treated UM coverage separately from medical payments coverage by setting out separate conditions for payment under the contract and charging separate premiums.
 {¶ 37} As for Wayne Mutual's argument that it became subrogated to Appellee's right to recover from the tortfeasor, precluding the Bradleys from being "legally entitled to recover", this Court has previously held that an insurer cannot seek recovery from its own insured pursuant to a subrogation clause.Pilo v. Liberty Mut. Fire Ins. Co., Ashland County App. No. 02-COA-038, 2003-Ohio-662 (reversed on other grounds). In Pilo,
this Court held that to allow the insurance company to do so would clearly be permitting an insurance company to avoid coverage of its own insured, for which the insured had previously paid. Id. See Chenoweth Motor Co., Inc. v. Cotton (1965),2 Ohio Misc. 123, 207 N.E.2d 412, See also Aetna Cas. Sur. Co.v. Urban Imperial Bldg. Rental Corp. (1987),38 Ohio App.3d 99, 100, 526 N.E.2d 819.
 {¶ 38} We therefore find that the trial court did not err in finding that Appellant was not entitled to a set-off in this matter.
 {¶ 39} Based on the foregoing, Appellant's first and second assignments of error are overruled.
 {¶ 40} The judgment of the Stark County Court of Common Pleas is affirmed.
Boggins, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.
[1] R.C. § 3937.18 has been amended, effective October 31, 2001, to "[e]liminate any requirement of the mandatory offer of uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages[,]" and "[t]o supersede the holding of the Ohio Supreme Court in * * *Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 * * *." Section 3(B)(1) and (E) of SB 97.