OPINION
{¶ 1} Appellant Nancy Stoner appeals from an award of prejudgment interest against Appellee Allstate Insurance Company in the Court of Common Pleas, Morrow County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 11, 1994, appellant, an insured of Appellee Allstate, was injured as a result of an automobile collision with another motorist. On December 13, 1995, appellant filed an action against the alleged tortfeasor. On March 6, 1996, appellant added a claim against Appellee Allstate, seeking compensation under her uninsured/underinsured motorist policy provision. During the course of the litigation, it is undisputed appellant received settlement proceeds of $30,000 from another insurer, Westfield Insurance Company, which fact was not made known to the jury.
 {¶ 3} The matter proceeded to a jury trial on January 24 and 25, 2005. The jury returned a unanimous verdict in favor of appellant and awarded damages of $69,000, broken down as follows: $15,000 for past pain and suffering, $14,024.18 for medical expenses, $24,000.00 for lost wages, $10,000.00 for future pain and suffering and $5,975.82 for loss of ability to perform usual activities of life, for a total of $69,000.00.
 {¶ 4} Appellant filed a motion for prejudgment interest on April 11, 2005. Via a judgment entry filed October 27, 2005, the trial court granted prejudgment interest on $15,000 of the aforesaid $69,000 verdict, not on the entire amount of the verdict less the Westfield offset (i.e., on the amount of $39,000) as sought by appellant. The judgment entry reads in pertinent part as follows:
 {¶ 5} "The Court considers all of the following factors in determining the `fully compensated' issue: 1) the jury found that the Plaintiff's total medical expenses from 1994 to 2005 were $14,024.18. The Plaintiff had her medical expenses already paid by Allstate. Therefore, no loss of use of that money can be found for the Plaintiff. 2) The Plaintiff had already received $30,000 from another settlement. 3) The jury awarded the Plaintiff $10,000 for future pain and suffering. Those expenses have not as yet been incurred. Therefore, the $30,000 shall be deducted, along with the $14,000 and the $10,000 from the $69,000 verdict and prejudgment interest shall be paid on the balance, which is $15,000, from the date of the incident * * *." Judgment Entry, October 27, 2005, at 1.
 {¶ 6} On November 27, 2005, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION PREJUDICIAL TO THE APPELLANT BY NOT AWARDING PREJUDGMENT INTEREST ON THE ENTIRE JUDGMENT AFTER AN OFFSET.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION PREJUDICIAL TO THE APPELLANT BY NOT AWARDING PREJUDGMENT INTEREST ON FUTURE PAIN AND SUFFERING DAMAGES.
 {¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION PREJUDICIAL TO THE APPELLANT BY NOT AWARDING PREJUDGMENT INTEREST ON MEDICAL EXPENSES."
 I. {¶ 10} In her First Assignment of Error, appellant contends the trial court abused its discretion by not awarding prejudgment interest on the entire amount of the judgment after subtracting the Westfield award. Uninsured/underinsured motorist insurance claims are contract claims, and therefore R.C. 1343.03(A) allows prejudgment interest for the insured under such provisions. SeeLandis v. Grange Mut. Ins. Co., 82 Ohio St.3d 339,695 N.E.2d 1140, 1998-Ohio-387. An appellate court's review of a trial court's award of prejudgment interest is governed by an abuse of discretion standard. Id.
 {¶ 11} R.C. 1343.03(A) reads as follows:
 {¶ 12} "In cases other than those provided for in sections1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. Notification of the interest rate per annum shall be provided pursuant to sections 319.19,1901.313, 1907.202, 2303.25, and 5703.47 of the Revised Code."
 {¶ 13} Appellant does not herein challenge the court's finding of September 11, 1994, as the date on which the accrual of prejudgment interest should have commenced. See Appellant's Brief at 4. Appellant contends instead that R.C 1343.03(A) does not give the trial court the authority to decide which types of damages should be subjected to prejudgment interest; the discretion of the trial court lies in determining the triggering accrual date only. In order to avoid overlapping analysis in this matter, we will not address the issues of prejudgment interest as to the future pain and suffering award and the medical expenses award, as these will be discussed in appellant's Second and Third Assignments of Error, infra.
 {¶ 14} This leaves before us the question of prejudgment interest as to appellant's award for past pain and suffering, lost wages, and loss of ability to perform usual activities of life; however, under the mathematical circumstances of this case, it is not apparent from the record that the trial court erred regarding these awards as urged by appellant. Instead, as noted in our statement of the facts, the trial court deducted the $30,000 Westfield award from the jury verdict of $69,000, and then subtracted the medical expense award of $14,024.18 (rounded to $14,000) and the future pain and suffering award of $10,000, to arrive at a basis of $15,000. See Judgment Entry, October 27, 2005, at 1, recited supra.
 {¶ 15} It logically follows that the trial court's $15,000 basis for prejudgment interest must have included the remainder of appellant's awards for past pain and suffering, lost wages, and loss of ability to perform usual activities of life. Presumably, this $15,000 amount would have been greater but for the other deductions from the original $69,000 verdict.
 {¶ 16} Accordingly, appellant's First Assignment of Error is found moot in part and overruled in part.
 II. {¶ 17} In her Second Assignment of Error, appellant maintains the trial court abused its discretion in denying prejudgment interest for her future pain and suffering damages. We agree.
 {¶ 18} In support of her argument, appellant directs us to our decision in Norton v. Allstate Ins. Co. (March 26, 2001), Stark App. No. 2000CA00348, wherein we approved a trial court's calculation of prejudgment interest on future damages, noting that R.C. 1343.03(A) provides for prejudgment interest on "all judgments." Furthermore, in Indiana Ins. Co. v. Farmers Ins. ofColumbus, Tuscarawas App. No. 2002 AP 11 0090, 2003-Ohio-4851, we concluded that the General Assembly's use of the phrase "creditor is entitled to interest" in R.C. 1343.03(A) is mandatory language which requires the trial court to award prejudgment interest. "`The statute references no predicate determinations which need to be made before a creditor will be entitled to interest. Thus, once a party has a judgment for an underlying contract claim, * * * we find that he [or she] is entitled to interest as a matter of law.'" Id. at ¶ 61, quotingDwyer Elec., Inc. v. Confederated Builders, Inc. (Oct. 29, 1998), Crawford App. No. 3-98-18.
 {¶ 19} Accordingly, we hold the trial court abused its discretion in declining to award prejudgment interest on future damages. We will therefore direct that the $10,000 award for future pain and suffering be added back to the basis for prejudgment interest. Appellant's Second Assignment of Error is sustained.
 III. {¶ 20} In her Third Assignment of Error, appellant contends the trial court abused its discretion by not awarding prejudgment interest on her medical expenses. We agree.
 {¶ 21} In the case sub judice, the trial court explained its denial of prejudgment interest for medical expenses as follows: "[T]he jury found that the Plaintiff's medical expenses from 1994 to 2005 were $14,024.18. The Plaintiff had her medical expenses already paid by Allstate. Therefore, no loss of use of that money can be found for the Plaintiff." Judgment Entry at 1.
 {¶ 22} However, the Ohio Supreme Court has twice enunciated a refusal "to allow medical payments to be deducted from uninsured motorist benefits due under the same policy." Staas v.McAllister (March 10, 2000), Miami App. No. 99-CA-34, citingShearer v. Motorists Mut. Ins. Co. (1978), 53 Ohio St.2d 1,371 N.E.2d 210 and Grange Mut. Cas. Co. v. Lindsey (1986),22 Ohio St.3d 153, 489 N.E.2d 281. By extension, we cannot condone the trial court's disallowance of prejudgment interest by utilizing a "set-off" of medical payments coverage by uninsured motorist coverage under the same insurance policy. Under such circumstances, we find the court's denial of prejudgment interest for medical expenses constituted an abuse of discretion. We will therefore direct that the $14,000 (rounded) award for medical expenses be added back to the basis for prejudgment interest.
 {¶ 23} Appellant's Third Assignment of Error is therefore sustained.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed in part, reversed in part, and remanded with directions to award prejudgment interest to appellant on the sum of $39,000.
By: Wise, P.J. Boggins, J., concur. Edwards, J., concurs separately.