STONER, APPELLEE, *v.* ALLSTATE INSURANCE COMPANY, APPELLANT.

[Cite as *Stoner v. Allstate Ins. Co.*, 116 Ohio St.3d 1217, 2007-Ohio-6669.]

*Appeal dismissed as improvidently accepted.*

(No. 2006-1749 — Submitted October 9, 2007 — Decided December 19, 2007.)

APPEAL from the Court of Appeals for Morrow County,

No. 05 CA 16, 2006-Ohio-3998.

————————————

{¶ 1}   The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL, J., dissents with opinion.

LANZINGER, J., dissents.

————————————

**O'DONNELL, J., dissenting.**

{¶ 2}   I respectfully dissent from the court's order dismissing this case as having been improvidently accepted.  In this case, the court of appeals, following this court's decision in *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140, determined that "[u]ninsured/underinsured motorist insurance claims are contract claims, and therefore R.C. 1343.03(A) allows prejudgment interest for the insured under such provisions." *Stoner v. Allstate Ins. Co.*, 05 CA 0016, 2006-Ohio-3998, ¶ 10.

{¶ 3}   In my view, the four-to-three majority in *Landis* misconstrued R.C. 1343.03(A) and (C).  Without question, subsection (C) provides that it pertains to a civil action that is "based on tortious conduct," while subsection (A) provides that "when money becomes due and payable upon * * * a contract * * *, the

creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest."

**{¶ 4}** In dissent, Justice Cook tellingly pointed out, "[S]upport for treating uninsured/underinsured motorist claims under rules of tort rather than contract can actually be found in the *language* of the statute." (Emphasis sic.) *Landis*, 82 Ohio St.3d at 345, 695 N.E.2d 1140 (Cook, J., dissenting). She further highlighted that the phrase "civil action based on tortious conduct" is far more expansive than the simple phrase "tort action." Id. In my view, Justice Cook's analysis is exacting and correct. I would therefore hold that R.C. 1343.03(C) applies to civil actions based on tortious conduct, and I would overrule *Landis* on that basis.

**{¶ 5}** In *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, this court announced a three-pronged test for overruling precedent. We stated that prior decisions of this court "may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." Id. at paragraph one of the syllabus. In my view, *Landis* meets this high standard.

**{¶ 6}** With respect the first prong of the test, *Landis* determined that R.C. 1343.03(A) applied to uninsured-motorist ("UM") claims because such claims are contractual in nature. While the relationship between the parties arises out of contract, the nature of the claim does not. Plainly, it arises out of a civil action based on tortious conduct. The decision in *Landis* was therefore wrong, and the first prong of the *Galatis* test is met.

**{¶ 7}** Next, I contend that the application of *Landis* defies practical workability. R.C. 1343.03(A) provides that "when money *becomes due and*

2

*payable* upon any bond, bill, note, or other instrument of writing * * * , the creditor is entitled to interest." (Emphasis added.) Our decision in *Landis* gave trial courts the discretion to determine when interest begins to accrue. In the case before us, the trial court determined the due and payable date for a portion of the judgment to be the day of the automobile accident. Here, the carrier could not have known the amount it owed to Stoner pursuant to the UM obligation until the claim for injury arising out of tortious conduct had been determined. This is substantially different from a contractual obligation arising out of a note or a bond or a sum certain in a written contract. Thus, the application of R.C. 1343.03(A) to this kind of claim is unworkable, as exhibited by the trial court's effort to award interest on parts of the judgment but not the entire award. This case pointedly suggests the impracticability of assessing prejudgment interest on this kind of claim.

{¶ 8} Finally, *Landis* has not engendered such reliance in litigants that it would disrupt the prosecution of claims. As we stated in *Galatis*, "there is no individual or societal reliance upon *Scott-Pontzer outside of the courtroom.*" (Emphasis added.) *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 59. An award of prejudgment interest, which occurs after a claimant receives a final judgment on a claim, does not affect strategy or procedure prior to the final judgment. Overruling *Landis*, therefore, would not cause " 'practical real-world dislocations.' " Id. at ¶ 58, quoting *Robinson v. Detroit* (2000), 462 Mich. 439, 466, 613 N.W.2d 307.

{¶ 9} For these reasons, I would overrule our judgment in *Landis* to the extent that it provided for a determination of prejudgment interest to be made in this kind of case pursuant to R.C. 1343.03(A) and would submit that they are more properly considered pursuant to R.C. 1343.03(C). Accordingly, I would reverse the decision of the Morrow County Court of Appeals, determine that R.C. 1343.03(C) governs motions for prejudgment interest in UM cases, and remand

this matter to the trial court for application of that subsection of the statute to these facts.

_____

Wagner Law Firm, P.L.L., and Jay D. Wagner, for appellee.

Kennedy, Purdy, Hoeffel & Gernert, L.L.C., and Paul E. Hoeffel, for appellant.

_____