MUSCATELL v. MUSCATELL

[145 N.C. App. 198 (2001)]

———————

RUTH K. MUSCATELL v. RANDE J. MUSCATELL AND DARRYL J. YSTEBOE

No. COA00-997

(Filed 17 July 2001)

**Contribution— medical payment coverage—entitlement to credit or setoff—collateral source rule—Uniform Contribution Among Tortfeasors Act**

The trial court erred in a negligence action arising out of an automobile accident by concluding a defendant was required to pay the $5,000 judgment without contribution from his codefendant, because even though the collateral source rule holds that

MUSCATELL v. MUSCATELL

[145 N.C. App. 198 (2001)]

neither defendant may benefit from a credit or setoff of money paid to plaintiff under the medical payment coverage, the Uniform Contribution Among Tortfeasors Act provides that contribution is allowed between defendants held jointly and severally liable for plaintiff's injuries. N.C.G.S. § 1B-1(a), (b).

Appeal by defendant Ysteboe from judgment entered 23 May 2000 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 May 2001.

*Law Offices of Michael J. Bednarik, P.A., by Michael J. Bednarik, for plaintiff-appellee.*

*Caudle & Spears, P.A., by Michael J. Selle and Christopher J. Loebsack, for defendant-appellee Rande J. Muscatell.*

*Morris York Williams Surles & Barringer, by John P. Barringer, for defendant-appellant Darryl J. Ysteboe.*

WALKER, Judge.

This action arises from an automobile accident which occurred on 18 March 1995 in Mecklenburg County, North Carolina. At the time of the accident, plaintiff was married to defendant Muscatell and was a passenger in his vehicle. The accident occurred as defendant Muscatell attempted to turn left out of his driveway onto the main road, colliding with a vehicle traveling on the main road owned and operated by defendant Ysteboe.

As a result of the injuries received in the accident, plaintiff incurred medical expenses in the amount of $3,743.11. Plaintiff was reimbursed for these expenses under the medical payments coverage of the automobile insurance policy issued to plaintiff and defendant Muscatell.

Plaintiff filed this action alleging negligence on the part of both defendants. Each defendant answered denying negligence and cross claimed against each other for contribution. Later, defendant Muscatell was permitted to amend his answer to assert his right to a setoff and credit for the medical payment coverage paid to plaintiff under their joint insurance policy.

At trial, the jury found plaintiff was injured by the negligence of both defendants and therefore entitled to recover $5,000 for her injuries. On 23 May 2000, the trial court entered a judgment ordering

both defendants jointly and severally liable in the amount of $5,000. Defendant Muscatell was allowed "a credit or setoff in the amount of $3,743.11" representing the amount of medical payment coverage paid to plaintiff. Accordingly, defendant Ysteboe was denied any credit or setoff.

Defendant Ysteboe assigns error to the trial court's ruling that he is not entitled to a credit or setoff for the $3,743.11 paid to plaintiff under her medical payment coverage, thus requiring him to pay the $5,000 judgment without contribution from defendant Muscatell. Defendant Ysteboe argues this denial of his right to credit or setoff is in error because: (1) North Carolina adheres to the rule that double compensation or overcompensation for a single injury shall not be collected; and (2) if it is determined that plaintiff is entitled to a double recovery, then neither party would be entitled to credit or setoff for the medical payment coverage paid to plaintiff. Defendant further contends the trial court erred in requiring him to pay the full $5,000 against plaintiff because, as a joint tortfeasor, he is entitled to contribution from defendant Muscatell.

On the other hand, plaintiff contends the $3,743.11 paid to her was pursuant to the contractual coverage available to her, both as a named insured and as a guest passenger in the vehicle. She asserts this coverage is available to her regardless of whether defendant Muscatell was at fault in causing the accident.

The nature of plaintiff's medical payment coverage, as opposed to liability coverage, was explained by our Supreme Court as follows:

'(Insurer's) responsibility under its liability coverage [depends] upon its insured being shown negligent; its responsibility under its [m]edical [p]ayments [c]overage [has] nothing to do with negligence at all.

A claim based on the liability feature of the policy is a tort claim; a claim based on the medical payments feature of the policy is a claim sounding in contract . . . .'

*Tart v. Register and Flowers v. Register*, 257 N.C. 161, 173, 125 S.E.2d 754, 763 (1962), *citing Distefano v. Delta Fire and Casualty Co.*, 98 So.2d 310 (La. App. 1957). Here, plaintiff's receipt of medical payment coverage was not on behalf of defendant Ysteboe but due to a contractual obligation. For this reason, plaintiff's receipt of payment under this policy does not raise an issue of double or overcompensation as defendant Ysteboe contends.

MUSCATELL v. MUSCATELL

[145 N.C. App. 198 (2001)]

This case raises the collateral source rule which provides "[a] tort-feasor [sic] should not be permitted to reduce his own liability for damages by the amount of compensation the injured party receives from an independent source." *Fisher v. Thompson*, 50 N.C. App. 724, 731, 275 S.E.2d 507, 513 (1981) (holding plaintiff's sick leave benefits from her employer were included within protection of collateral source rule). *See also Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993) (holding automobile insurer was not entitled to $10,000 credit against its underinsured motorist coverage limit for amount paid to insured under medical payments provision of policy); 2 Clifford S. Fishman, *Jones on Evidence* § 13.26 at 526-27 (7th ed. 1994) (citations omitted) (stating "[b]ecause [under common law], plaintiff's receipt of other collateral benefits is irrelevant in assessing the amount of compensatory damages the tortfeasor owed to the plaintiff, under the [collateral source rule], evidence of such benefits is inadmissible, and cannot be utilized by the tortfeasor to reduce his claim for damages.") Therefore, under the collateral source rule, neither defendant may benefit from a credit or setoff of money paid to plaintiff under the medical payment coverage.

Notwithstanding the collateral source rule, this State's Uniform Contribution Among Tortfeasors Act (Act) provides in pertinent part:

(a) . . . where two or more persons become jointly or severally liable in tort for the same injury to person or property for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

(b) The right of contribution exists only in favor of a tort-feasor [sic] who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor [sic] is compelled to make contribution beyond his own pro rata share of the entire liability.

. . .

N.C. Gen. Stat. § 1B-1(a)-(b) (1999).

By filing the cross claim, defendant Ysteboe took advantage of the potential for contribution under the Act, since the trial court found he and defendant Muscatell were jointly and severally liable for plaintiff's injuries. Thus, upon payment of the $5,000 judgment by

MUSCATELL v. MUSCATELL

[145 N.C. App. 198 (2001)]

defendant Ysteboe, he is entitled to contribution from defendant Muscatell.

For the foregoing reasons, we vacate the judgment and remand the case to the trial court for a modification of the judgment to provide for contribution to defendant Ysteboe from defendant Muscatell.

Vacated and remanded.

Judges McCULLOUGH and THOMAS concur.