CARMEN ESPINO, Plaintiff v. ALLSTATE INDEMNITY COMPANY, Defendant

No. COA02-1169

(Filed 5 August 2003)

**Insurance— automobile—UM and medical expenses payments—collateral source rule—policy controls**

An insurance company which issued an automobile policy with medical and uninsured motorist (UM) coverage was entitled to a credit against the amount due under the UM coverage for the

amount it had paid for medical expenses. The Financial Responsibility Act does not contain language controlling duplicate compensation under UM and medical payments coverage, so that the policy controls. This policy expressly provides that defendant's liability under UM coverage is excess to its medical payments coverage and shall not duplicate medical expense payments.

Appeal by defendant from judgment entered 13 June 2002 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 14 May 2003.

*Bryce Thomas & Associates, by Bryce O. Thomas, Jr., for plaintiff-appellee.*

*Wallace, Morris & Barwick, P.A., by P.C. Barwick, Jr., for defendant-appellant.*

STEELMAN, Judge.

On 19 October 1999, plaintiff was injured in an automobile accident involving a vehicle driven by an uninsured motorist. At the time of the accident, plaintiff and her husband were insured under a policy issued by Allstate Indemnity Company ("defendant" or "Allstate").

In its policy with plaintiff, defendant agreed to "pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury: 1. Caused by accident; and 2. Sustained by an insured." The uninsured motorist ("UM") coverage in plaintiff's Allstate policy provided that "[t]his coverage is excess over and shall not duplicate any amount paid or payable under Part B [the medical payments coverage]." The medical payments coverage contained a "non-duplication" provision stating that "[n]o person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance. . . ."

Pursuant to the policy, defendant paid $1,000.00 under the medical payments coverage toward plaintiff's total medical expenses incurred as a result of the accident. Plaintiff then demanded arbitration, as permitted by the terms of her policy, to determine the amount of her expenses for which defendant was liable. The arbitrator awarded plaintiff total damages, including reimbursement for medical expenses, in the amount of $9,000.00.

Defendant paid an additional $8,000.00 pursuant to plaintiff's UM coverage, contending it was entitled to a credit against the total amount awarded by the arbitrator for the $1,000.00 it had previously paid to plaintiff for medical expenses. Plaintiff then filed a complaint seeking a determination of defendant's right to a credit under the medical payments coverage of her policy.

Plaintiff filed motions for judgment on the pleadings and summary judgment, and defendant moved for summary judgment. The trial court entered a judgment in plaintiff's favor, concluding that the provisions of plaintiff's Allstate policy violated the collateral source rule and N.C. Gen. Stat. § 20-279.21 (2001).

In its sole assignment of error, defendant argues the trial court erred in finding that it was not entitled to a credit against sums due under the UM provisions for the amount it had previously paid pursuant to plaintiff's medical payments coverage.

Medical payments coverage is not statutorily mandated, nor is it discussed in the Financial Responsibility Act ("Act"), N.C. Gen. Stat. Chapter 20, Article 9A (2001). In the absence of an applicable provision in the Act, an insurer's liability is measured in terms of the policy as written. *Younts v. State Farm Mut. Auto. Ins. Co.*, 281 N.C. 582, 189 S.E.2d 137 (1972). N.C. Gen. Stat. § 20-279.21 of the Act does not contain any language controlling the issue presented in the instant case as to duplication of compensation under UM coverage and medical payments coverage. Therefore, we examine plaintiff's policy to determine whether defendant is entitled to a credit against its total liability as claimed in this appeal.

Plaintiff's policy expressly provides that defendant's liability under UM coverage is excess over its liability under medical payments coverage and shall not duplicate payments for medical expenses. Pursuant to the policy provisions, defendant would be entitled to a credit for the $1,000.00 it had previously paid plaintiff for her medical expenses.

Plaintiff argues that this Court's decision in *Muscatell v. Muscatell*, 145 N.C. App. 198, 550 S.E.2d 836, *disc. review denied*, 354 N.C. 364, 556 S.E.2d 574 (2001), precludes a credit for defendant. In *Muscatell*, the plaintiff was a passenger in her husband's vehicle and was injured in an accident with another vehicle driven by defendant Ysteboe. *Muscatell*, 145 N.C. App. at 199, 550 S.E.2d at 837. Plaintiff was reimbursed for her medical expenses under the medical payments coverage of the insurance policy issued to her and her hus-

ESPINO v. ALLSTATE INDEM. CO.

[159 N.C. App. 686 (2003)]

band, defendant Muscatell. *Id.* The trial court found plaintiff was injured by both defendants' negligence and ordered both defendants jointly and severally liable for the amount of the judgment. *Id.* at 199-200, 550 S.E.2d at 837. The trial court also granted defendant Muscatell a credit in the amount of plaintiff's medical expenses reimbursed by the carrier on their joint insurance policy. *Id.* at 200, 550 S.E.2d at 837. Defendant Ysteboe appealed the ruling that he was not entitled to a credit for the amount plaintiff received under her medical payments coverage. *Id.*

The *Muscatell* Court first concluded that since plaintiff's medical expenses were paid pursuant to her insurer's contractual obligation under the medical payments coverage of her own policy, rather than under defendant Ysteboe's liability coverage, the payment did not raise an issue of double compensation. *Id.* However, this Court determined that the case did raise an issue under the collateral source rule. *Id.* at 201, 550 S.E.2d at 837. This rule seeks to prevent a tortfeasor from " 'reduc[ing] his own liability for damages by the amount of compensation the injured party receives from an independent source.' " *Id.* at 201, 550 S.E.2d at 837-38 (*quoting Fisher v. Thompson,* 50 N.C. App. 724, 731, 275 S.E.2d 507, 513 (1981)). Based on the collateral source rule, *Muscatell* held that neither defendant was entitled to a credit for the medical coverage payments. *Id.* at 201, 550 S.E.2d at 838.

In the instant case, defendant is not trying to reduce the amount of its liability, since it has paid a total of $9,000.00 to plaintiff, the full amount awarded by the arbitrator. Nor is the source in this case "independent" because both the medical expenses payment and the UM payment come from defendant. Further, *Muscatell* concerned payments under liability and medical payments coverages, rather than UM and medical payments coverages at issue here. The *Muscatell* Court did not discuss the policy language or whether the policy included express language barring double compensation under the applicable coverages.

The issue of double compensation under the same insurance policy has been addressed by our Supreme Court in two cases: *Tart v. Register,* 257 N.C. 161, 125 S.E.2d 754 (1962), and *Baxley v. Nationwide Mut. Ins. Co.,* 334 N.C. 1, 430 S.E.2d 895 (1993), *appeal after remand,* 115 N.C. App. 718, 446 S.E.2d 597 (1994). In *Tart,* plaintiffs Tart and Flowers were injured in an automobile collision while passengers in a vehicle driven by defendant. *Tart,* 257 N.C. at 164, 125 S.E.2d at 756. Following a jury verdict awarding

damages to each plaintiff, defendant asserted that she was entitled to a credit against the verdict in favor of Flowers for payments previously made to Flowers under the medical payments provisions of defendant's insurance policy. *Id.* at 172, 125 S.E.2d at 763. The *Tart* Court concluded:

> If double recovery can be had when [the defendant] is insured, it is not by reason of one claim sounding in tort and the other in contract, as suggested, but *solely by reason of the provisions of the insurance contract.* In our opinion it was not within the contemplation of the contracting parties that there should be a double recovery of medical expenses. . . . It is manifestly inequitable for plaintiff to recover twice against the same defendant, even though payment was in part voluntary.

*Id.* at 174, 125 S.E.2d at 764 (emphasis added).

In *Baxley*, the plaintiff was awarded damages under both the underinsured motorist ("UIM") coverage and medical payments provisions of her policy, and her insurer sought a credit for the medical expenses it had paid to the plaintiff. *Baxley*, 334 N.C. at 11-12, 430 S.E.2d at 902. The policy expressly permitted recovery under both of these sections and did not contain a provision for a credit under medical payments coverage. *Id.* at 13, 430 S.E.2d at 902. The *Baxley* Court held that the express provisions of the insurance policy controlled the question of whether the insurer was entitled to a credit for sums paid under the medical payments coverage against the UIM claim, and, therefore, the insurer was not entitled to a credit. *Id.* at 14, 430 S.E.2d at 903; *see also, Aills v. Nationwide Mut. Ins. Co.*, 88 N.C. App. 595, 363 S.E.2d 880 (1988) (holding that the language of the insurance policy determines the rights of the parties).

We find that this case is controlled by *Baxley* and that *Muscatell* is distinguishable from the instant case. Thus, based on the reasoning in *Baxley*, the express language in plaintiff's Allstate policy that its UM coverage was in excess of and shall not duplicate payments made under the medical payments coverage entitles defendant to a credit for the $1,000.00 it previously paid plaintiff in medical expenses. We remand this matter for entry of judgment in accordance with this decision.

REVERSED AND REMANDED.

Judges TIMMONS-GOODSON and HUDSON concur.