SUZANNE PAIGE KESSLER, Plaintiff v. DAVID SCOTT SHIMP, GRADUATE LAKE NORMAN, INC., CHARLOTTE RESTAURANT CREATIONS, LLC, FIREFLY FIVE, INC., and MICHAEL TERRENCE LEON LASCHINSKI, Defendants, and ERIE INSURANCE EXCHANGE, Unnamed Defendant

No. COA06-736

(Filed 20 February 2007)

**Insurance— automobile—setoff—medical payments from UIM coverage—express terms of policy**

The trial court correctly granted summary judgment for defendant automobile insurer in an automobile accident case where plaintiff argued that the amount paid to plaintiff under the medical payments part of the insurance policy was improperly set off from the amount due under the UIM portion of the policy. Defendant acted properly under the express terms of the policy.

Appeal by plaintiff from order entered 15 March 2006 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Katherine Freeman and Klein & Freeman, PLLC, by Paul I. Klein, for plaintiff-appellant.*

*No brief filed for defendants-appellees David Scott Shimp, Graduate Lake Norman, Inc., Charlotte Restaurant Creations, LLC, Firefly Five, Inc., and Michael Terrence Leon Laschinski.*

*Dean & Gibson L.L.P., by Thomas G. Nance, for unnamed defendant-appellee.*

. TYSON, Judge.

Suzanne Paige Kessler ("plaintiff") appeals from order entered granting summary judgment in favor of unnamed defendant Erie Insurance Exchange ("defendant") and denying plaintiff's motion for summary judgment. We affirm.

## I. Background

On 4 April 2004, plaintiff suffered severe bodily injuries during an automobile accident allegedly caused by defendant David Scott Shimp. Plaintiff's passengers, Anna Grace Jordan and Sally Mackenzie Clark, were killed in the accident. At the time of the accident, plaintiff was operating her grandfather's, Francis Edward Allen ("Allen"), automobile. Defendant insured Allen's vehicle. Defendant's policy provided $100,000.00 per injured person in underinsured motorists' ("UIM") coverage and $2,000.00 per injured person in medical payments coverage. Defendant David Scott Shimp was insured by State Farm Mutual Insurance Company ("State Farm"). State Farm provided liability coverage of $30,000.00 per injured person, or $60,000.00 in the aggregate.

It is undisputed that: (1) defendant's insurance policy covered plaintiff; (2) defendant's policy provided UIM coverage in the amount of $100,000.00 per injured person and medical payments coverage in the amount of $2,000.00 per injured person; (3) State Farm paid plaintiff $20,000.00; (4) defendant is entitled to reduce its UIM limit of liability by $20,000.00, the amount paid by State Farm, to $80,000.00; and (5) defendant has paid plaintiff $78,000.00 under the UIM portion of its policy and $2,000.00 under the medical payments portion of its policy.

KESSLER v. SHIMP

[181 N.C. App. 753 (2007)]

On 12 October 2005, plaintiff filed suit claiming she was owed an additional $2,000.00 of UIM coverage and for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1. On 20 December 2005, defendant moved for summary judgment and asserted:

> [T]he total amount of [UIM] benefits available to the Plaintiff in this case is $78,000.00, after a reduction for applicable liability insurance limits and a reduction for payments made to Plaintiff under the medical payments coverage portion of [defendant's] insurance policy. [Defendant] contends that as a matter of law, it has tendered all available [UIM] proceeds to the Plaintiff and is not obligated to provide any additional coverage or monies to Plaintiff.

On 17 January 2006, plaintiff cross-motioned for summary judgment. Plaintiff asserted she was entitled as a matter of law to the limits of the UIM policy or $80,000.00 in addition to the $2,000.00 medical payments.

On 15 March 2006, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appeals.

## II.  Issues

Plaintiff argues the trial court erred by granting defendant's motion for summary judgment and denying her motion for summary judgment.

## III.  Standard of Review

Our Supreme Court has stated:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law. On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (internal quotations and citation omitted).

Here, "[t]he parties conceded there is no question of material fact by submitting cross-motions for summary judgment." *Erie Ins. Exch. v. St. Stephen's Episcopal Church*, 153 N.C. App. 709, 711, 570 S.E.2d 763, 765 (2002). The question before us is whether either party is entitled to judgment as a matter of law. *See id.* at 716, 570 S.E.2d at 768 (reversing the trial court's order that granted summary judgment for the defendant and remanding for entry of an order granting summary judgment for the plaintiff).

## IV. Summary Judgment

Plaintiff asserts the trial court erred in construing defendant's insurance policy. Plaintiff argues summary judgment in favor of defendant was error because: (1) there was no potential duplication of payment because her damages exceeded all coverages available and (2) the language of the insurance contract is vague and must be construed against defendant and in favor of coverage. Plaintiff argues summary judgment in favor of defendant should be reversed and the case remanded for entry of summary judgment in favor of plaintiff. We disagree.

The construction and interpretation of provisions in an insurance contract is a question of law. *See Shelton v. Duke Univ. Health Sys.*, 179 N.C. App. 120, 123, 633 S.E.2d 113, 115 (2006) ("Contract interpretation is a matter of law, and the standard of review for this Court is *de novo*." (internal citation omitted)).

Our Supreme Court has stated:

[A]n insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. . . .

[T]he intention of the parties controls any interpretation or construction of the contract, and intention must be derived from the language employed. *This Court has long recognized its duty to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used. The duty is a solemn one, for it seeks to preserve the fundamental right of freedom of contract.* Only when the contract is ambiguous does strict construction become inappropriate.

*Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380-81, 348 S.E.2d 794, 796 (1986) (internal citations omitted) (emphasis supplied).

This Court stated:

> When reviewing an insurance policy, this Court must examine the contract as a whole and effectuate the intent of the parties. Any question as to the meaning of the language used in a policy is a question of law for the court to resolve.
>
> Because the intention of the parties is paramount, the court must use definitions contained in the policy to determine the meaning of words or phrases detailing the scope of coverage. In the absence of policy definitions, the court must define a term or phrase consistent with the context in which it is used and the meaning accorded it in ordinary speech. In doing so, courts are encouraged to use standard, nonlegal dictionaries as a guide.
>
> Any ambiguities, however, as to the definition of policy terms or the scope of coverage are to be resolved in favor of coverage. This is because the insurance company prepared the policy and chose the language contained therein. An ambiguity exists when the language used in the policy is susceptible to different, and perhaps conflicting, interpretations. However, the aforementioned rules of construction cannot be used to rewrite an unambiguous policy[.]

*McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 289-90, 444 S.E.2d 487, 491-92 (internal citations and quotations omitted), *disc. rev. denied*, 337 N.C. 694, 448 S.E.2d 528 (1994).

Plaintiff concedes: (1) the medical payments coverage is not statutorily mandated; (2) the medical payments coverage is not discussed in N.C. Gen. Stat. § 20-279.1, *et seq.*, the Financial Responsibility Act; and (3) in the absence of an applicable provision in the Financial Responsibility Act, an insurer's liability is measured by the terms of the policy as written.

Plaintiff argues defendant improperly set off from the amount due to her under the UIM portion of the insurance contract the $2,000.00 previously paid to plaintiff under the Part B medical payments portion of its policy. We disagree.

Part C2 of the insurance contract at issue here sets forth the terms and limits of UIM coverage provided to plaintiff. The policy expressly provides in the limit of liability subsection to part C2: "This coverage is excess over and *shall not duplicate* any amount paid or payable under Part B." (emphasis supplied). Part B of the policy is

titled Medical Payments Coverage and sets forth the terms of medical payments coverage.

After subtracting State Farm's payment, it is undisputed that defendants' limit of UIM liability to plaintiff is $80,000.00. Defendant paid plaintiff $78,000.00 under the UIM portion of its policy after crediting and setting off $2,000.00 defendant had previously paid to plaintiff under the Part B medical payments portion of its policy. Pursuant to the express terms of the insurance policy that covered defendant's UIM liability to plaintiff, defendant properly took credit and setoff for the $2,000.00 it had previously paid to plaintiff under the medical payments portion of its policy. *See Espino v. Allstate Indem. Co.*, 159 N.C. App. 686, 690, 583 S.E.2d 376, 379 (2003) (Where the express language in the plaintiff's insurance policy stated that UM coverage was "in excess of and shall not duplicate payments made under the medical payments coverage," the defendant was entitled to a credit and setoff for the $1,000.00 it previously paid the plaintiff in medical expenses.). This assignment of error is overruled.

## V.  Conclusion

Pursuant to the express terms of defendant's insurance policy, defendant properly credited and setoff the $2,000.00 it had previously paid to plaintiff under the medical payments portion of its policy against the $80,000.00 due plaintiff for UIM coverage. *Espino*, 159 N.C. App. at 690, 583 S.E.2d at 379. Defendant satisfied all of its coverage obligations under the insurance policy to plaintiff. Defendant was entitled to judgment as a matter of law. The trial court's order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment is affirmed.

Affirmed.

Judges STEPHENS and STROUD concur.