JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Peter F. Shenyey appeals, pro se, the trial court's granting of summary judgment in favor of appellee State Farm Mutual Auto Ins. Co. ("State Farm") regarding State Farm's denial of his insurance claim. He assigns the following error for our review:
 "The trial court erred in denying plaintiffs motion for summary judgment against State Farm's revised cross-motion for summary judgment."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On November 3, 2006, Shenyey was involved in a car accident with Ayana Glasgow. It is undisputed that Glasgow was at fault, and that Glasgow was an uninsured motorist. At the time of the accident, Shenyey had automobile insurance with appellee State Farm.
 {¶ 4} The policy contained both medical payments coverage and uninsured motorist coverage ("UM") provisions. Shenyey submitted $14,000 in medical expenses for payment under the medical payment coverage portion of his policy, which had a $100,000 limit. State Farm paid the submitted request. Shenyey then submitted the same $14,000 in medical expenses under the UM coverage of the policy. State Farm refused to pay the submitted amount based on the non-duplication clause contained in Endorsement 6083VV of the policy, which provided in pertinent part: *Page 4 
 "Non Duplication.
 "We will not pay under uninsured motor vehicle coverage of any medical expenses paid or payable under:
 "(1) Medical payments coverage of this policy, or
 "(2) The medical payments coverage, no fault coverage, personal injury protection, or other similar coverage of any other motor vehicle policy."
 {¶ 5} Shenyey filed a complaint for declaratory judgment in the trial court requesting the court find that he is entitled to recover medical expenses under both the medical payments and UM coverage portions of his policy. Both parties filed cross motions for summary judgment. The trial court granted State Farm's motion and concluded in a two-page opinion that Shenyey was not entitled to double recovery; thus, he could only recover under the medical payment coverage portion of the policy.
 Summary Judgment {¶ 6} In his sole assigned error, Shenyey argues the non-duplication clause in his policy is unenforceable pursuant to existing case law and R.C. 3937.18, as amended by S.B. 97. We note that this is a case of first impression; no other court in Ohio has ruled on this issue post S.B. 97.
 {¶ 7} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's *Page 5 
decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ. R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 8} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
1) Enforceability of Non-Duplication Clause {¶ 9} The non-duplication clause in the instant case unambiguously states that State Farm will not pay medical expenses under the UM coverage for medical expenses it has already paid under the medical payments coverage *Page 6 
portion of the policy. Shenyey contends the clause is unenforceable and cites to three Ohio Supreme Court decisions that held insurers may not reduce UM coverage benefits for medical bills that were separately paid under the medical payments coverage portion of the policy.[6] However, those cases interpreted R.C. 3937.18 prior to S.B. 97.
 {¶ 10} Prior to S.B. 97, insurers were not permitted to deduct from the UM coverage, amounts paid for medical expenses under the medical payments coverage portion of the policy. This custom existed regardless of whether or not a clause contained in the policy permitted the reduction. The Ohio Supreme Court invalidated such clauses based on the fact they were contrary to public policy underlying the former version of R.C. 3937.18, which made the offering of UM coverage mandatory.
 {¶ 11} Effective October 31, 2001, the General Assembly amended R.C. 3937.18 pursuant to S.B. 97. The law now provides that an insurer "may, but is not required to," include UM coverage in a motor vehicle policy.[7] Additionally, the 2001 statute permits policies with UM coverage to limit or exclude coverage *Page 7 
under circumstances that are specified in the policy including circumstances that are not specified in the statute.[8]
 {¶ 12} The accident in the instant case occurred in 2006; therefore, the new version of R.C. 3937.18 applies. However, Shenyey argues that the old law applies irrespective of S.B. 97 and cites to the Fifth District decision Wayne Mut. Ins. Co. v. Bradley[9] in support of his argument. The Bradley court, however, relied on Ohio Supreme Court cases that pre-dated S.B. 97. In addition, the policy in Bradley did not contain a non-duplication clause as in the instant case. Instead, the insurance company in Bradley argued that a subrogation clause prevented double payment of medical bills. However, the Bradley court disagreed concluding an insurer cannot subrogate against it own insured.
 {¶ 13} This court along with other districts have held post S.B. 97 that insurers can include limitation and exclusionary clauses in the UM coverage portion of the policy.[10] Additionally, as we stated above, the Ohio Supreme Court in Snyder v. American Family Ins. Co. agreed that S.B. 97 authorizes insurers to include clauses that limit or exclude coverage under any *Page 8 
circumstances.[11] Thus, pursuant to current law, the non-duplication clause is valid and enforceable.
2) Two-premiums {¶ 14} Shenyey also argues that the non-duplication clause is unenforceable because separate premiums were charged for coverage under the UM and medical payments portions of the policy. Shenyey had only one policy with State Farm for a total biannual premium of $476. The breakdown of this premium included, among other coverages, $28 for medical payment coverage and $93.13 for UM coverage. Therefore, he is seeking double recovery under multiple coverages contained within one policy, not two.
 {¶ 15} The language in the S.B. 97 amendments to R.C. 3937.18
expressly authorizes insurers to limit coverages regardless of the number of premiums or policies involved. R.C. 3937.18(F) provides, "Any policy of insurance that includes [UM Coverage] may, without regard to any premiums involved, include terms that preclude any and all stacking of such coverages."
 {¶ 16} More specifically, R.C. 3937.18(G) provides:
 "(G) Any policy of insurance that includes [UM coverage] that provides a limit of coverage for payment of damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and *Page 9 conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident. " (Emphasis added.)
 {¶ 17} Moreover, simply because State Farm would not allow Shenyey to receive double recovery for his medical expenses does not deprive Shenyey of the benefit of his bargain. His UM coverage still provides coverage for damages in excess of the amount for which he recovered. Our research indicates that states like Ohio (i.e. states that do not have a statutorily mandated offering of UM insurance), have enforced non-duplication clauses based on the premise that as long as the insured receives full recovery for his medical costs, the non-duplication clause is valid and subject to the law regarding the interpretation of a contract.[12]
 {¶ 18} In the instant case it is undisputed that Shenyey recovered the full amount for his medical expenses under his medical payment coverage. Shenyey is seeking to recover above the amount of what constitutes a full recovery of his loss. The purpose of insurance is to make the person whole, not provide a *Page 10 
windfall.[13] Additionally, applying the law regarding the interpretation of contracts, the plain and unambiguous terms of the clause clearly sets forth that Shenyey cannot recover twice for the same medical expenses under the UM coverage in the policy that he already recovered under the medical payments portion of the policy.
 {¶ 19} Finally, we note in regards to Shenyey's two-premium argument, the Ohio Supreme Court in Karabin v. State Automobile Mutual Ins.Co.[14] has held that charging separate premiums for separate coverages is not a basis upon which to invalidate an anti-stacking clause that is clearly and unambigously set forth in the insurance contract. In Karabin, the plaintiff, unlike Mr. Shenyey, had purchased two separate insurance policies. Yet, the Ohio Supreme Court still concluded the plaintiff could only receive his full recovery under one policy, as long as the restriction did not violate public policy. Ohio law no longer requires the mandatory offering of UM coverage; therefore, public policy is not violated by only allowing Shenyey to recover once for his medical costs.
 {¶ 20} Therefore, under present Ohio UM law, we conclude the trial court did not err by granting summary judgment in favor of State Farm. Accordingly, Shenyey's assigned error is overruled. *Page 11 
Judgment affirmed.
It is ordered that appellees recover from appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
[3] Id. at 293.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] Shearer v. Motorist Mut. Ins. Co. (1978), 53 Ohio St.2d 1;Berrios v. State Farm Ins. Co., 98 Ohio St.3d 109, 2002-Ohio-7115;Grange Mutual Casualty Co. v. Linsey (1986), 22 Ohio St.3d 153.
[7] See R.C. 3937.18(A); see, also Snyder v. American Family Ins.Co., 114 Ohio St.3d 239, 2007-Ohio-4004.
[8] R.C. 3937.18(I); Snyder, supra.
[9] 5th Dist. No. 2005CA00200, 2006-Ohio-1517.
[10] Bousquet v. State Auto Ins. Co., Cuyahoga App. No. 89601,2008-Ohio-922; O'Connor-Junke v. Estate of Junke, Cuyahoga App. No. 91225, 2008-Ohio-5874; Calhoun v. Harner, 3rd Dist. No. 1-06-97, 2008-Ohio-1141; Wertz v. Wertz, 6th Dist. No. H-06-036, 2007-Ohio-4605; Howard v. Howard, 4th Dist. No. 06CA755, 2007-Ohio-3940; Green v. Westfield Natl. Ins. Co., 9th Dist. No. 06CA25-M, 2006-Ohio-5057; Kelly v.Auto-Owners Ins. Co., 1st Dist. No. C-050450,2006-Ohio-3599.
[11] Snyder, supra.
[12] Schultz v. Farmers Ins. (1991), 167 Ariz. 148, 805 P.2d 381;Georgia Farm Bur. Mut. Ins. Co. v. Harper (2005), 272 Ga. App. 536,612 S.E.2d 861; Johnson v. State Farm Mut. Auto Ins. (2001),323 Ill. App.3d 376, 752 N.E.2d 449; Espino v. Allstate Indem. Co. (2003),159 N.C. App. 686, 583 S.E.2d 376; Safeco Ins. v. Woodley (2000), 102 Wn. App. 384, 8 P.3d 304.
[13] Thompson v. Elbert (Feb. 21, 2001), 9th Dist. No. 99CA007476; Porter v. Tabern (Sept. 17, 1999), 2nd Dist. No. 98-CA-26; King v. Lamar Ins. Co. (Oct. 28, 1996), 12th Dist. Nos. CA96-04-009, CA96-04-010.
[14] (1984), 10 Ohio St.3d 163. *Page 1